OPINION OF THE COURT
Chief Judge Wachtler.
The dispositive issue on this appeal is whether petitioner "reasonably described” the documents to which he sought access under the Freedom of Information Law (Public Officers Law art 6 [FOIL]). Because respondents, the Commissioner of the Department of Correctional Services and the superintendent of petitioner’s correctional facility, failed to establish that the demand was insufficient for purposes of enabling them to locate and identify the documents sought, we hold that petitioner’s request satisfied the statutory standard (Public Officers Law § 89 [3]).
Petitioner, an inmate in the custody of the Department of Correctional Services (the Department), sought, pursuant to article 6 of the Public Officers Law, "to inspect and review any and all files of records kept on me and my number of identification of the New York State Department of Correctional Services which is identification number 71-A-0224”. The inmate records coordinator asserted, in answer to this request, that petitioner "must 'reasonably identify’ ” the documents sought. Once petitioner identified the documents sought, according to the coordinator, the Department would determine whether denial of the request was warranted "under the provisions of * * * Public Officers Law, Section 87, Paragraph 2”. The coordinator then suggested several means by which petitioner could more closely tailor his request — by stating "the name of document (if known), or the type of content, the approximate date, etc.” The inmate records coordinator also furnished petitioner with the names of several folders that were "accessible” to him. Petitioner was not satisfied by this response and took an administrative appeal to the Department’s Office of Counsel, which upheld the decision denying him access on the ground that the "request failed to reason *248 ably describe the records sought as required by Public Officers Law § 89 (3)”.
Petitioner commenced this article 78 proceeding to annul respondents’ determination denying his FOIL request. He also sought an order allowing him to inspect and review his institutional files except for those papers claimed to be exempt under FOIL, and requiring respondents to provide him with a list of documents that were withheld as exempt and to submit those documents to the court for an in camera inspection. Respondents’ answer alleged, in essence, that their determination could not be termed arbitrary or capricious in light of the "voluminous” files on petitioner and his failure to provide a reasonable description of the documents he sought. Their answer, moreover, alleged that "many” documents likely were exempt pursuant to Public Officers Law § 87 (2) (f) (records that if disclosed would endanger the life or safety of any person) and (g) (certain inter-agency or intra-agency materials).
In further support of their position, respondents submitted the affidavit of Berdelia Smith, the inmate records coordinator for the Department’s Eastern Correctional Facility. Ms. Smith averred that "most” of that facility’s inmate records contained material that was exempt from disclosure under FOIL and that it was necessary, in order to avoid "oppressive and disruptive administrative burdens and backlogs” that the person handling the FOIL request know "the specific records being sought”. Ms. Smith claimed that the records located at petitioner’s facility were "voluminous”. Yet, at the same time, she acknowledged that respondents had managed to gather "[approximately 95 percent of Petitioner’s institutional records — comprised of [his] central file, service unit folder, education folder, hospital records, grievance file, correspondence office file, and package room and visiting room documents”.
Special Term was persuaded by respondents’ arguments of administrative burden. The court dismissed the petition, finding that although respondents claimed the benefit of certain exemptions under FOIL, the agency was relieved from examining the documents it had thus far culled for the purposes of determining which documents were exempt until petitioner "reasonably described” those to which he sought access. The Appellate Division affirmed on the ground that respondents’ determination was not irrational in view of the requirements of FOIL that the records requested must be "reasonably *249 described” and the Department’s own regulation (7 NYCRR 5.11) that mirrors the statutory language.
On this appeal, petitioner argues that he satisfied the requirement of FOIL that the records to which he sought access be "reasonably described” (Public Officers Law § 89 [3]). We agree with his contention and therefore reverse.
I.
In Matter of Farbman & Sons v New York City Health & Hosps. Corp. (62 NY2d 75), we held that demands under FOIL need not meet the stringent requirement under CPLR 3120 that documents be "specifically designated” (id., at pp 82-83). We recognized that the requirement of Public Officers Law § 89 (3) that documents be "reasonably described” was to enable the agency to locate the records in question (id., at p 83). Thus, we stated that the agency had to establish that "the descriptions were insufficient for purposes of locating and identifying the documents sought” (id.; see, Matter of Johnson Newspaper Corp. v Stainkamp, 94 AD2d 825, 826, mod on other grounds 61 NY2d 958) before denying a FOIL request for reasons of overbreadth.
We are satisfied that the present FOIL request meets the standard set forth in Farbman, and conclude, accordingly, that respondents cannot evade the broad disclosure provisions of that statute (see, Matter of Capital Newspapers v Burns, 67 NY2d 562, 565-566; Matter of Farbman & Sons v New York City Health & Hosps. Corp., 62 NY2d 75, 79, supra) upon the naked allegation that the request will require review of thousands of records (Matter of Farbman & Sons v New York City Health & Hosps. Corp., 62 NY2d 75, 83, supra). The affidavit of Ms. Smith, the inmate records coordinator, demonstrates that respondents were able to identify the documents to which petitioner sought access — namely, his institutional records, including, by Ms. Smith’s own description, petitioner’s "central file, service unit folder, education folder, hospital records, grievance file, correspondence office file, and package room and visiting room documents”. Moreover, respondents were able to locate the documents petitioner had identified to the extent of amassing some 2,300 pages of record, which, Ms. Smith estimated, represented approximately 95% of petitioner’s institutional records. These admissions seem to contradict respondents’ protestations that they were not able to locate and identify the requested files. Accordingly, we conclude that *250 respondents have failed to establish that the documents were not "reasonably described” (id.).
Respondents contend that in this instance they followed regulations promulgated under FOIL by the Committee on Open Government (21 NYCRR 1401.2 [a]; 1401.2 [b] [1]), which require that each agency designate one or more records access officers to "[a]ssist the requester in identifying requested records, if necessary”. This argument misses the point, however, that because the present FOIL request was framed sufficiently, respondents lacked authority to require greater specificity (see, Matter of Johnson Newspaper Corp. v Stainkamp, 94 AD2d 825, 826, mod on other grounds 61 NY2d 958, supra).
We note that respondents’ own regulations require them to maintain "reasonably detailed” subject matter lists and a master index of all Department records (7 NYCRR 5.13), including "inmate records”, which are defined as those papers "that pertain * * * to an individual inmate” (7 NYCRR 5.5 [g]). Notably, respondents have failed to supply any proof whatsoever as to the nature — or even the existence — of their indexing system: whether the Department’s files were indexed in a manner that would enable the identification and location of documents in their possession (cf. National Cable Tel. Assn. v Federal Communications Commn., 479 F2d 183, 192 [Bazelon, J.] [plausible claim of nonidentifiability under Federal Freedom of Information Act, 5 USC § 552 (a) (3), may be presented where agency’s indexing system was such that "the requested documents could not be identified by retracing a path already trodden. It would have required a wholly new enterprise, potentially requiring a search of every file in the possession of the agency”]).*
*251 Nor have respondents presented any other justification for their conclusion that the present request failed to "reasonably describe” the documents petitioner sought (e.g., Marks v United States, 578 F2d 261, 263 [requirement of reasonable description may relate to place of search where requester apparently sought "an open-ended search throughout all (FBI) field offices”]; Matter of Gannett Co. v James, 86 AD2d 744, 745 [request as framed required agency to search through its files and essentially to create a new document, citing Public Officers Law § 89 (3)], lv denied 56 NY2d 502).
II.
Respondents in this case sought to deny petitioner access to any potentially responsive documents in their possession on the ground that their files probably contained material that was exempt under FOIL, citing, in their answer, Public Officers Law § 87 (2) (f) and (g). The failure of a requester to "reasonably describe” desired records, however, is a ground for nondisclosure that is entirely separate from the exemption provisions under section 87 (2) of the Public Officers Law (see, Ferri v Bell, 645 F2d 1213, 1219-1220, on reh 671 F2d 769). As to the claimed exemptions, respondents bore the independent burden of establishing that the material fell squarely within the ambit of the statutory exemptions "by articulating a particularized and specific justification for denying access” (Matter of Capital Newspapers v Burns, 67 NY2d 562, 566, supra; Matter of Farbman & Sons v New York City Health & Hosps. Corp., 62 NY2d 75, 80, supra). Thus, the broad allegation here that the files contained exempt material is insufficient to overcome the presumption that the records are open for inspection (see, Matter of Capital Newspapers v Burns, supra) and categorically to deny petitioner all access to the requested material (Matter of Dunlea v Goldmark, 54 AD2d 446, 449, affd 43 NY2d 754).
In sum, because respondents used the requirement that documents be "reasonably described” as a "device to withhold records” (National Cable Tel. Assn. v Federal Communications Commn., 479 F2d 183, 191, supra), we reverse the order of the Appellate Division, with costs, and grant the article 78 petition to the extent of remitting the matter to the New York State Department of Correctional Services for reconsideration of petitioner’s FOIL application in accordance with this opinion.
*252 Judges Meyer, Simons, Kaye, Alexander, Titone and Hancock, Jr., concur.
Order reversed, with costs, and petition granted to the extent of remitting the matter to Supreme Court, Albany County, with directions to remand to the New York State Department of Correctional Services for further proceedings in accordance with the opinion herein.

 Respondents urge that we examine Federal case law interpreting the Freedom of Information Act, 5 USC § 552 (FOIA), which has provided us with some guidance in deciding the application of "reasonably described” requirement of Public Officers Law § 89 (3) (see, Matter of Johnson Newspaper Corp. v Stainkamp, 94 AD2d 825, 826 [citing Sears v Gottschalk, 502 F2d 122, cert denied 422 US 1056], mod on other grounds 61 NY2d 958; see generally, Matter of Fink v Lefkowitz, 47 NY2d 567, 572).
But cases construing the similar FOIA requirement that a request for records must "reasonably describe!]” such records (5 USC § 552 [a] [3]) are entirely consistent with the result we reach here. Indeed, as the court noted in Sears v Gottschalk (502 F2d 122, 126, supra), "[i]f otherwise locatable * * * equitable considerations of the costs, in time and money of making records available for examination do not supply an excuse for non-productian”.