■ In the Matter of FRANK BADER et al., Appellants, v VINCENT BOVE et al., Respondents. [710 NYS2d 379] —In a proceed-

ing pursuant to CPLR article 78 to review a determination of the respondent Incorporated Village of Belle Terre denying the petitioners access to certain records under the Freedom of Information Law (Public Officers Law § 84 *et seq.*), the appeal is from so much of a judgment of the Supreme Court, Suffolk County (Klein, J.), dated September 20, 1999, as denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The petitioners, residential property owners in the respondent Village of Belle Terre, made two requests under the Freedom of Information Law (Public Officers Law § 84 *et seq.*) for "[a]ll notes, records, correspondence, meeting minutes and other documents related to the adoption and/or revision of the Village Zoning Code's prohibition of commercial activity (presently Code § 170-5)". After the Village denied the request as overbroad, the petitioners commenced the instant proceeding pursuant to CPLR article 78 challenging that determination. The Supreme Court properly denied the petition and dismissed the proceeding.

Public Officers Law § 89 (3) places the burden on the petitioners to "reasonably describe" the documents requested so that a search can be made by the agency (*see, Matter of Konigsberg v Coughlin,* 68 NY2d 245). The Village demonstrated that, in order to fully comply with the petitioners' requests, the one full-time employee of the Village Clerk's office would have to manually search through every document filed with the Village going back over 45 years (*see, Matter of Gannett Co. v James,* 86 AD2d 744; *cf., Matter of Konigsberg v Coughlin, supra*).

The petitioners' remaining contentions are unpreserved for appellate review or without merit. O'Brien, J. P., Goldstein, Luciano and Smith, JJ., concur.