Rose, J.
Appeal from a judgment of the Supreme Court (McGrath, J.), entered January 10, 2013 in Columbia County, *1104 which dismissed petitioner’s application, in a proceeding pursuant to CPLR article 78, to review a determination of respondents denying petitioner’s Freedom of Information Law request.
In an attempt to determine whether a former Assistant Columbia County Attorney had held a no-show job, petitioner submitted a series of Freedom of Information Law (see Public Officers Law art 6 [hereinafter FOIL]) requests for records from the County Attorney’s office. As relevant here, petitioner ultimately limited his request to “any document that shows that [the attorney] did some kind of work for Columbia County” in specified types of files over a specified period of time. The County Attorney denied the request on the ground that petitioner did not reasonably describe the document sought because records were not indexed by the name of the attorneys assigned to each file and no work logs were maintained. The County Attorney also claimed that the requested material was exempt from disclosure as attorney work product. After an unsuccessful administrative appeal, petitioner commenced this proceeding. Supreme Court, concluding that petitioner did not reasonably describe the document he sought, dismissed the application. Petitioner appeals.
The requirement of Public Officers Law § 89 (3) (a) that requested documents be “reasonably described” serves to enable an agency to locate and identify the records in question (see Matter of Konigsberg v Coughlin, 68 NY2d 245, 249-250 [1986]; Matter of M. Farbman & Sons v New York City Health & Hosps. Corp., 62 NY2d 75, 82-83 [1984]). We agree with respondents that a valid basis for denying the FOIL request has been established — at least with respect to the actual files— when they are not “indexed in a manner that would enable the identification and location of documents” (Matter of Konigsberg v Coughlin, 68 NY2d at 250). Respondents have also indicated, however, that at least some of the files are maintained electronically. Despite this, they have offered no evidence to establish that the descriptions provided are insufficient for purposes of extracting or retrieving the requested document from the virtual files through an electronic word search of the former Assistant County Attorney’s name or other reasonable technological effort (see Public Officers § 89 [3] [a]; Matter of Data Tree, LLC v Romaine, 9 NY3d 454, 464-465 [2007]; Matter of Weslowski v Vanderhoef, 98 AD3d 1123, 1126-1127 [2012], lv dismissed 20 *1105 NY3d 995 [2013]; see also Comm on Open Govt FOIL-AO-18863 [2012]).*
We also note that “the broad allegation here that the files contain exempt material is insufficient to overcome the presumption that the records are open for inspection” (Matter of Konigsberg v Coughlin, 68 NY2d at 251; see Matter of New York State Defenders Assn. v New York State Police, 87 AD3d 193, 197 [2011]). In the event that the requested record can be located electronically and respondents are able to establish that the document contains exempt material, the appropriate remedy is an in camera review and “disclosure of all nonexempt, appropriately redacted material” (Matter of Gould v New York City Police Dept., 89 NY2d 267, 275 [1996]; see Matter of Rose v Albany County Dist. Attorney’s Off., 111 AD3d 1123, 1126 [2013]; Matter of MacKenzie v Seiden, 106 AD3d 1140, 1143 [2013]). Accordingly, we reverse Supreme Court’s judgment and remit for reconsideration of petitioner’s FOIL application in accordance with this decision.
Peters, EJ., Stein and McCarthy, JJ., concur. Ordered that the judgment is reversed, on the law, with costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court’s decision.

 While advisory opinions from the Committee on Open Government are not binding authority, they “may be considered to be persuasive based on the strength of their reasoning and analysis” (Matter of TJS of N.Y., Inc. v New York State Dept. of Taxation & Fin., 89 AD3d 239, 242 n [2011]).