Matter of Reclaim the Records v New York State Dept. of Health (2020 NY Slip Op 03968)





Matter of Reclaim the Records v New York State Dept. of Health


2020 NY Slip Op 03968


Decided on July 16, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 16, 2020

530220

[*1]In the Matter of Reclaim the Records et al., Appellants,
v
New York State Department of Health, Respondent.

Calendar Date: June 12, 2020

Before: Garry, P.J., Egan Jr., Mulvey, Aarons and Colangelo, JJ.


Oliver Law Office, Albany (Lewis B. Oliver Jr. of counsel), for appellants.
Letitia James, Attorney General, Albany (Robert M. Goldfarb of counsel), for respondent.



Garry, P.J.
Appeal from a judgment of the Supreme Court (Ferreira, J.), entered March 27, 2019 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent partially denying petitioners' Freedom of Information Law request.
Petitioner Brooke Schreier Ganz is the founder and president of petitioner Reclaim the Records, a not-for-profit organization that seeks to facilitate genealogical and historical research by providing free online access to public records held by government agencies. In January 2016 and October 2016, petitioners filed requests under the Freedom of Information Law (see Public Officers Law art 6 [hereinafter FOIL]) for copies, preferably electronic, of certain death indexes held by respondent on microfiche. Over a period of months, Ganz and respondent exchanged multiple communications discussing the high costs associated with transferring the microfiche to an electronic format and various potential methods for conducting the transfer. In March 2017, while these discussions were ongoing, respondent received a FOIL request for the same records from Ancestry.com (hereinafter Ancestry), a for-profit corporation specializing in genealogical research. Ancestry specified that it would perform and pay for the transfer of the records from microfiche to an electronic format, and then return the microfiche to respondent with a copy of the "digital product." Two months later, respondent sent an email to Ancestry confirming Ancestry's receipt of the requested death indexes, and provided a digital copy of the death indexes to petitioners at no charge.
In October 2017, petitioners filed the subject FOIL request asking respondent to provide a broad array of documents related to Ancestry within a time period from January 2015 through October 2017. Respondent acknowledged the request and ultimately answered by providing some related documents, denying part of the request on the ground that no such records could be located, and denying the remainder of petitioners' request for failure to reasonably describe the records sought (see Public Officers Law § 89 [3] [a]). Petitioners' administrative appeal was denied in February 2018. Petitioners commenced this CPLR article 78 proceeding seeking a judgment directing respondent, among other things, to produce all records responsive to their FOIL request. Respondent answered, submitting the affidavits of its records access officer (hereinafter access officer) and its records access appeals officer (hereinafter appeals officer). Supreme Court dismissed the petition; as pertinent here, the court found that respondent's partial denial of the FOIL request based upon petitioners' failure to reasonably describe the records sought was not improper. Petitioners appeal.[FN1]
"The requirement of Public Officers Law § 89 (3) (a) that requested documents be 'reasonably described' serves to enable an agency to locate and identify the records in question" (Matter of Pflaum v Grattan, 116 AD3d 1103, 1104 [2014] [citations omitted]; see Matter of M. Farbman & Sons v New York City Health & Hosps. Corp., 62 NY2d 75, 82-83 [1984]). The statute places the initial burden on the person or entity making a FOIL request to provide a reasonable description of the records sought for this purpose (see Public Officers Law § 89 [3] [a]; Matter of Bader v Bove, 273 AD2d 466, 467 [2000], lv denied 95 NY2d 764 [2000]; Mitchell v Slade, 173 AD2d 226, 227 [1991], lv denied 78 NY2d 863 [1991]). In turn, when an agency denies a FOIL request on this ground, the agency bears the burden to "establish that the descriptions were insufficient for purposes of locating and identifying the documents sought" (Matter of Konigsberg v Coughlin, 68 NY2d 245, 249 [1986] [internal quotation marks and citation omitted]).[FN2]
Here, petitioner requested "copies of all correspondence, e-mails, proposals, drafts, notes, agreements, contracts, meetings and calendar entries, phone logs, meeting minutes, budget items, receipts, vendorization forms or data, bids, evaluation materials, [FOIL] records requests and their associated correspondence and any appeals, and any other documentation or communications between [respondent] and Ancestry.com, or such materials within [respondent's possession] about Ancestry.com. Ancestry.com might also be listed as Ancestry, Ancestry LLC, Ancestry.com LLC, Ancestry.com Holdings, Ancestry.com Holdings LLC, or similar terms." In response, respondent produced Ancestry's FOIL requests and related correspondence, stated that there were no records of any FOIL appeals, and noted that the death indexes requested in petitioners' prior FOIL requests had been provided. As for the remaining categories, respondent stated that the records had not been described with sufficient detail to enable respondent to locate them, and added, "Given the considerable number of individuals employed by [respondent], a list of specific employees whose communications [petitioners] are seeking, as well as the subject matter of the types of records [petitioners] seek would be required in order for [respondent] to perform a diligent search."
Upon the administrative appeal, petitioners asserted that they had provided enough keywords to permit respondent to conduct an electronic search of the emails of respondent's employees. They claimed that, "[g]iven the subject matter of the request — business and contracts between [respondent] and Ancestry[] — " the email accounts searched should include employees of respondent's Office of Vital Records and Division of Legal Affairs who might have worked on contracts or projects with Ancestry and its employees. Petitioners reiterated their request for all remaining categories of documents sought, but failed to provide any further description of the subject matter requested.
Respondent's appeals officer denied the administrative appeal, finding that respondent had properly denied the relevant portion of petitioners' FOIL request for failure to reasonably describe the records sought. The appeals officer found that a search pursuant to the terms of petitioners' request would require searching the email records of approximately 5,400 of respondent's employees "for six permutations of Ancestry['s name] as well as the catch-all of 'similar terms' which . . . is inherently [a] never-ending, self-perpetuating haystack of similar possible terms." He further noted that "email encompasses only one of the [19 categories of documents] sought by petitioners."
In opposition to petitioners' CPLR article 78 petition, respondent submitted the affidavit of the appeals officer, in which he stated that any additional detail supplied in the administrative appeal did not alter the result because, among other things, "the plain wording of the [FOIL] request does not support the conclusion that it was intended to be so narrowly construed" as to limit petitioners' request to records related to "business and contracts," as petitioners asserted upon that appeal.[FN3] The appeals officer further noted that petitioners' assertions that "some" relevant emails were "likely" to be found in the accounts of employees of certain divisions was inadequate to permit the requisite complete search for documents responsive to petitioners' request.
Respondent's access officer submitted an affidavit asserting that she was responsible for overseeing the operations and handling of FOIL requests within respondent's Records Access Office. She explained that this office, which would have handled the request for Ancestry FOIL records and appeals, was a "discrete unit" with limited staff, thus making it possible to identify all employees who might have been involved in handling the FOIL requests. However, as no subject matter limitations were provided for the remaining categories of documents, responsive records could have been maintained by any of respondent's employees, and the access officer "would have been required to ask each and every [employee] to conduct a search of his or her paper files, electronic files and emails [for] the word 'ancestry.'" Further, each "program area" would be required to conduct a similar search, and each employee would have to search his or her paper and electronic files, not only for the variations of Ancestry's name specified in petitioners' request, but also for similar terms. The access officer averred that the absence of any subject matter limitations for the information requested would introduce "uncertainty and subjectivity" to these searches. Finally, she stated that "[respondent] does not generally maintain records by names of entities" and "does not have a method for searching the entire agency's records," including its paper and electronic correspondence records, using the name of an entity.
"[A] valid basis for denying [a] FOIL request has been established — at least with respect to [paper] files — when they are not 'indexed in a manner that would enable the identification and location of documents'" (Matter of Pflaum v Grattan, 116 AD3d at 1104, quoting Matter of Konigsberg v Coughlin, 68 NY2d at 250). Here, respondent established that its indexing system did not permit searching either its paper or electronic records by the name of an entity, and that it had no method of searching its correspondence records, whether on paper or in digital form, for the terms provided in petitioners' request. On appeal, petitioners contend that their request should have been interpreted in a much more limited form. However, nothing in the language of the original request or the administrative appeal supports such an interpretation. Neither the language of the original request nor that of the administrative appeal demonstrates that the limitations now proposed were previously enunciated or provided.
We reject petitioners' claim that the administrative appeal provided additional descriptive information that should have permitted respondent to satisfy the request. Significantly, the administrative appeal did not specify that it was intended to be treated as a new request or an amendment or clarification of the original request — which could, in turn, have resulted in a new determination by respondent and, if necessary, a new administrative appeal. Instead, the administrative appeal merely argued that respondent had erred in denying the request. The purpose of an administrative appeal from a denial of a FOIL request is to challenge the correctness of "such denial" (Public Officers Law § 89 [4] [a]). As such, new document descriptions that are provided for the first time in an administrative appeal are not pertinent to the correctness of the original denial (see generally 21 NYCRR 1401.7). Moreover, as stated above, little new information was included within the administrative appeal. Although there were new suggestions as to which of respondent's departments might have responsive emails, the appeal also reiterated the same broad range of other document categories that had been previously requested.[FN4]
We further reject petitioners' contention that respondent was required by Public Officers Law § 89 (3) (a) to conduct a search of its electronic records using the terms provided in the FOIL request. That statute provides, in pertinent part, that "[w]hen an agency has the ability to retrieve or extract a record or data maintained in a computer storage system with reasonable effort, it shall be required to do so" (Public Officers Law § 89 [3] [a] [emphasis added]). The provision requires an agency to disclose information "if the [requested] records are maintained electronically . . . and are retrievable with reasonable effort . . . . In such a situation, the agency is merely retrieving the electronic data that it has already compiled and copying it onto another electronic medium" (Matter of Data Tree, LLC v Romaine, 9 NY3d 454, 464-465 [2007]). Contrary to petitioners' assertion, nothing in this provision contradicts or replaces the requirement that requested documents must be "reasonably described" (Public Officers Law § 89 [3] [a]). In this respect, "FOIL does not differentiate between records stored in paper form or those stored in electronic format" (Matter of Data Tree, LLC v Romaine, 9 NY3d at 464). A failure to provide a reasonable description of the records sought may present the same obstacles to an electronic search as it does to a search of paper records, preventing an agency from retrieving a record "with reasonable effort" (Public Officers Law § 89 [3] [a]). Here, respondent explained the indexing limitations and the lack of reasonable description that prevented it from using the terms supplied by petitioners to locate electronic records.[FN5]
Based upon the foregoing, we find that respondent satisfied its burden to demonstrate that petitioners' FOIL request did not provide a reasonable description of the records sought that was adequate to permit respondent to identify and locate the requested documents (see Matter of Asian Am. Legal Defense & Educ. Fund v New York City Police Dept., 125 AD3d 531, 531 [2015], lv denied 26 NY3d 919 [2016]; Matter of Bader v Bove, 273 AD2d at 467). Notably, in this litigation, petitioners have described the records they seek with far more specificity and detail than they initially provided. As Supreme Court observed, petitioners remain free to file another FOIL request in which these enhanced descriptions — aided by any additional information that petitioners may have gleaned from respondent's opposing submissions — may "enable [respondent] to locate and identify the records in question" (Matter of Pflaum v Grattan, 116 AD3d at 1104).
Egan Jr., Mulvey, Aarons and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed, without costs.



Footnotes

Footnote 1: This Court recently determined that respondent properly partially denied separate FOIL requests by Ganz and another officer of Reclaim the Records for certain marriage records, based on grounds unrelated to those raised here (Matter of Hepps v New York State Dept. of Health, ___ AD3d ___, ___, 2020 NY Slip Op 02517, *1 [2020]).

Footnote 2: On the question whether a requested record is reasonably described, like the question "whether a particular document is exempt from disclosure under [FOIL], the oft-stated standard of review in CPLR article 78 proceedings, i.e., that the agency's determination will not be set aside unless arbitrary or capricious or without rational basis, is not applicable. Rather, the person resisting disclosure must prove" that the requested documents were not reasonably described (Matter of Capital Newspapers Div. of Hearst Corp. v Burns, 109 AD2d 92, 94 [1985], affd 67 NY2d 562 [1986]; see Matter of Konigsberg v Coughlin, 68 NY2d at 249-250; see also Matter of Prall v New York City Dept. of Corr., 129 AD3d 734, 735 [2015]; Matter of New York Comm. for Occupational Safety & Health v Bloomberg, 72 AD3d 153, 158 [2010]).

Footnote 3: This Court may properly consider respondent's submissions in opposition to the CPLR article 78 petition in determining whether respondent satisfied its burden. "[I]n the context of FOIL, the next step in the procedure for challenging an alleged inappropriate denial of access to records by an agency following an administrative appeal is a CPLR article 78 proceeding, and it is in such proceeding that the agency bears the burden [to establish that the requested records were not reasonably described]. As such, whether or not [the agency] provided [a] petitioner with a full written explanation at the administrative level is academic" (Matter of Rose v Albany County Dist. Attorney's Off., 111 AD3d 1123, 1125 [2013] [internal quotation marks, brackets and citations omitted]).

Footnote 4: At oral argument, petitioners' counsel confirmed that the entirety of the original FOIL request is still in issue, and has not been narrowed in scope.

Footnote 5: We find no merit in petitioners' claim that they should be found to have satisfied their burden to reasonably describe the records sought because, in their view, their request was sufficiently specific to satisfy the higher standard imposed by CPLR 3120 (2). Whether or not this claim is accurate, that statute pertains to civil discovery, "proceeds under a different premise, and serves quite different concerns" than those posed by FOIL; it does not apply to FOIL requests (Matter of M. Farbman & Sons v New York City Health & Hosps. Corp., 62 NY2d at 80; see Matter of Konigsberg v Coughlin, 68 NY2d at 249).