Matter of Jewish Press v Metropolitan Transp. Auth. of the State of N.Y. (2021 NY Slip Op 02107)





Matter of Jewish Press v Metropolitan Transp. Auth. of the State of N.Y.


2021 NY Slip Op 02107


Decided on April 06, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 06, 2021

Before: Renwick, J.P., Kennedy, Scarpulla, Shulman, JJ. 


Index No. 653548/19 Appeal No. 13539 Case No. 2020-03956 

[*1]In the Matter of the Jewish Press, Petitioner-Appellant,
v
Metropolitan Transportation Authority of the State of New York, Respondent-Respondent.


Aron Law, PLLC, Brooklyn (Joseph H. Aron of counsel), for appellant.
Metropolitan Transportation Authority, New York (Jason Douglas Barnes of counsel), for respondent.



Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered on or about November 6, 2019, which denied the petition to compel respondent to disclose records requested by petitioner pursuant to the Freedom of Information Law (FOIL) (Public Officers Law §§ 84-90), and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Petitioner's request for "all requests for religious accommodations (such as, dress, shifts etc.) by employees and the result thereof . . . includ[ing] details of the request, the job title and date," during a certain three-year period, "failed to describe the documents sought with sufficient specificity as to permit respondent to identify and locate them" (Matter of Lebron v Smith, 40 AD3d 515 [1st Dept 2007], lv denied 9 NY3d 810 [2007]). Respondent submitted an affidavit of its Director of Human Resources explaining that such information is not stored in any centralized manner, and that the only way to attempt a complete response to the FOIL request would be to have the agency's thousands of employees search through their paper and electronic records (see Matter of Asian Am. Legal Defense & Educ. Fund v New York City Police Dept., 125 AD3d 531, 531 [1st Dept 2015], lv denied 26 NY3d 919 [2016]; cf. Matter of Jewish Press, Inc. v New York City Dept. of Educ., 183 AD3d 731 [2d Dept 2020]). Accordingly, respondent established "a valid basis for denying the FOIL request" by showing that any responsive records "are not indexed in a manner that would enable the identification and location of documents" in the agency's possession (Matter of Pflaum v Grattan, 116 AD3d 1103, 1104 [3d Dept 2014] [internal quotation marks omitted]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 6, 2021