Matter of Jewish Press, Inc. v New York State Police (2022 NY Slip Op 04684)

Matter of Jewish Press, Inc. v New York State Police

2022 NY Slip Op 04684

Decided on July 21, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 21, 2022

534415
[*1]In the Matter of the Jewish Press, Inc., Appellant,
v
New York State Police, Respondent.

Calendar Date:May 25, 2022

Before:Egan Jr., J.P., Clark, Aarons, Fisher and McShan, JJ.

Aron Law, PLLC, New York City (Joseph H. Aron of counsel), for appellant.
Letitia James, Attorney General, Albany (Beezly J. Kiernan of counsel), for respondent.

Egan Jr., J.P.
Appeal from a judgment of the Supreme Court (Ryba, J.), entered November 12, 2021 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's Freedom of Information Law request.
In February 2021, petitioner, a media publisher based in New York City, submitted a Freedom of Information Law (see Public Officers Law art 6 [hereinafter FOIL]) request to respondent seeking records pertaining to COVID-19 "related orders" from the preceding two years. Petitioner requested records in five categories: (1) directives and communications from the New York City Mayor's office regarding enforcement of the orders; (2) directives and communications from the New York Police Department regarding enforcement of the orders; (3) documents indicating the number of summonses and violations issued for violating the orders, broken down by month and zip code; (4) directives and communications from the Governor's office regarding enforcement of the related orders; and (5) search warrant applications related to enforcement of the orders and the ensuing determinations on those applications.[FN1] Respondent's acting records access officer denied the request, explaining that a search did not disclose any records responsive to the first, second, third and fifth requests. The acting records access officer further advised that the fourth request did not reasonably describe the records petitioner was seeking, but invited petitioner "to submit a new request with additional information reasonably describing and clarifying the records" sought. Petitioner administratively appealed, stating that press releases from the Governor's office and other media reports suggested that respondent likely did have responsive records because of its involvement in COVID-19 order enforcement.[FN2] Respondent's records access appeals officer administratively affirmed the determination.
Petitioner commenced this CPLR article 78 proceeding to challenge respondent's determination. Following joinder of issue, Supreme Court held that respondent's certification that no records responsive to the first, second, third and fifth requests could be found satisfied Public Officers Law § 89 (3) and that petitioner's contention that responsive records must exist was unsupported speculation. The court further held that petitioner's fourth request was not sufficiently detailed to allow respondent to locate and identify the items requested. Petitioner appeals, and we affirm.
As to petitioner's first, second, third and fifth requests, "when an agency is unable to locate documents properly requested under FOIL, Public Officers Law § 89 (3) requires the agency to certify that it does not have possession of a requested record or that such record cannot be found after diligent search" (Matter of DeFreitas v New York State Police Crime Lab, 141 AD3d 1043, 1044 [2016] [internal quotation marks, brackets and citations [*2]omitted]; see Matter of Wright v Woodard, 158 AD3d 958, 958 [2018]; Matter of McFadden v Fonda, 148 AD3d 1430, 1431-1432 [2017]). Respondent satisfied that requirement via the affirmation of its assistant counsel, who averred that he had personal knowledge of both respondent's record-keeping practices and petitioner's request and that a search had failed to locate any records responsive to petitioner's first and second requests, an unsurprising result given that the New York City Mayor and the New York Police Department are "wholly independent" from respondent. The assistant counsel stated that respondent did not maintain the statistical information petitioner was seeking in its third request and adequately explained why the information could not be retrieved from respondent's records management system with reasonable effort (see Matter of Data Tree, LLC v Romaine, 9 NY3d 454, 464 [2007]; Matter of Reclaim the Records v New York State Dept. of Health, 185 AD3d 1268, 1273 [2020], lv denied 36 NY3d 910 [2021]; Matter of Weslowski v Vanderhoef, 98 AD3d 1123, 1131 [2012], lv dismissed 20 NY3d 995 [2013]). As to the fifth request, the assistant counsel averred that respondent's staff had been unable to identify any incident in which it had sought or executed a search warrant in connection with COVID-19 related orders and that no responsive records therefore existed. The foregoing satisfied respondent's obligations under Public Officers Law § 89 (3) (see Matter of Empire Ctr. for Pub. Policy v New York State Energy & Research Dev. Auth., 188 AD3d 1556, 1558 [2020]; Matter of Reclaim the Records v New York State Dept. of Health, 185 AD3d at 1273; Matter of Wright v Woodard, 158 AD3d at 959).
"Where an agency properly certifies that it does not possess a requested record, a petitioner may be entitled to a hearing on the issue if it can 'articulate a demonstrable factual basis to support [the] contention that the requested document[] existed and [was] within the [agency's] control'" (Matter of Empire Ctr. for Pub. Policy v New York State Energy & Research Dev. Auth., 188 AD3d at 1558, quoting Matter of Gould v New York City Police Dept., 89 NY2d 267, 279 [1996]; see Matter of Jackson v Albany County Dist. Attorney's Off., 176 AD3d 1420, 1421-1422 [2019]). That said, "unsupported speculation that records have been withheld is an insufficient basis upon which to grant [a] petition" (Matter of De Fabritis v McMahon, 301 AD2d 892, 894 [2003]; see Matter of Empire Ctr. for Pub. Policy v New York State Energy & Research Dev. Auth., 188 AD3d at 1558). Petitioner argues that a hearing was warranted because of various media reports regarding respondent's activities during the relevant period that suggested it had responsive documents in its possession. The media reports in question, however, indicated little more than that respondent, among other agencies, would enforce COVID-19 restrictions in unspecified areas of the state and "monitor social distancing [*3]compliance" in New York City. They do not show that respondent was in written communication with the New York City Mayor's office or the New York Police Department regarding enforcement efforts, nor do they establish what enforcement activities, if any, respondent was conducting in New York City. Accordingly, Supreme Court properly determined that petitioner lacked a demonstrable factual basis for its belief that records responsive to its first, second, third and fifth requests existed and were within respondent's control (see Matter of Empire Ctr. for Pub. Policy v New York State Energy & Research Dev. Auth., 188 AD3d at 1558; Matter of Jackson v Albany County Dist. Attorney's Off., 176 AD3d at 1422; Matter of DeFreitas v New York State Police Crime Lab, 141 AD3d at 1045).
As to petitioner's fourth request, Public Officers Law § 89 (3) (a) requires that requested records must be reasonably described. This requirement "serves to enable an agency to locate and identify the records in question. The statute places the initial burden on the person or entity making a FOIL request to provide a reasonable description of the records sought for this purpose [and, i]n turn, when an agency denies a FOIL request on this ground, the agency bears the burden to establish that the descriptions were insufficient for purposes of locating and identifying the documents sought" (Matter of Reclaim the Records v New York State Dept. of Health, 185 AD3d at 1269 [internal quotation marks and citations omitted]; see Matter of Jewish Press, Inc. v New York City Dept. of Educ., 183 AD3d 731, 732 [2020]).
Respondent's assistant counsel averred why the fourth request was too vague to allow responsive documents to be located, explaining that written communications between respondent's employees and the Governor's office regarding COVID-19 enforcement efforts would have been via email and that, because respondent did not index emails by subject matter, a targeted search of individual employee email accounts would be required to find them. The assistant counsel observed that a search of emails for general terms such as "COVID-19" would undoubtedly recover tens of thousands of emails, most or all of which would have no relevance to petitioner's request, and that petitioner had ignored respondent's suggestion to submit a new request with details that would allow respondent to search for and actually find responsive documents. "[A]gency staff are not required to engage in herculean or unreasonable efforts in locating records to accommodate a person seeking records" (Comm on Open Govt FOIL-AO-18949 [2012]; accord Matter of Aron Law, PLLC v New York City Dept. of Educ., 192 AD3d 552, 553 [2021], lv denied 37 NY3d 907 [2021]), and "a request for email encompassing thousands of communications, each of which would require review . . ., might not be considered to have met the standard of reasonably describing the records" (Comm on Open Govt FOIL-AO-18863 [2012]; see Matter of Reclaim [*4]the Records v New York State Dept. of Health, 185 AD3d at 1271-1272; see also Matter of Pflaum v Grattan, 116 AD3d 1103, 1104 [2014]). Thus, respondent demonstrated that petitioner's fourth request did not reasonably describe the records it was seeking as required.
Petitioner's remaining contentions, to the extent that they are properly before us, have been examined and are without merit.
Clark, Aarons, Fisher and McShan, JJ., concur.
ORDERED that the judgment is affirmed, without costs.

Footnotes

Footnote 1: Petitioner's first and second requests sought documents from "the Mayor's Office" and "the NYPD," which respondent interpreted to mean the New York City Mayor's office and the New York Police Department.

Footnote 2: Petitioner did not provide respondent with any press releases and media reports to support that proposition, but did annex several media reports to its CPLR article 78 petition. We decline petitioner's invitation to take judicial notice of an additional document given its unexplained failure to place that document before either respondent or Supreme Court (see Byung Choon Joe v State of New York, 203 AD3d 1258, 1261 n 3 [2022]; Matter of Fichera v New York State Dept. of Envtl. Conservation, 159 AD3d 1493, 1495-1496 [2018]).