Matter of Jewish Press, Inc. v New York State Educ. Dept. (2023 NY Slip Op 00015)

Matter of Jewish Press, Inc. v New York State Educ. Dept.

2023 NY Slip Op 00015

Decided on January 5, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 5, 2023

534482
[*1]In the Matter of The Jewish Press, Inc., Appellant,
v
New York State Education Department, Respondent.

Calendar Date:November 22, 2022

Before:Lynch, J.P., Clark, Pritzker, Ceresia and Fisher, JJ.

Aron Law PLLC, New York City (Joseph Aron of counsel), for appellant.
Letitia James, Attorney General, Albany (Beezly J. Kiernan of counsel), for respondent.

Fisher, J.
Appeal from a judgment of the Supreme Court (Susan M. Kushner, J.), entered December 6, 2021 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review, among other things, a determination of respondent partially denying petitioner's Freedom of Information Law request.
In January 2020, petitioner made a five-part request to respondent pursuant to the Freedom of Information Law (see Public Officers Law art 6 [hereinafter FOIL]) seeking certain records related to home schooling. Respondent acknowledged the request and advised that it would need additional time to respond. In August 2020, after not receiving a response, petitioner appealed what it considered a constructive denial of the FOIL request. The day after the appeal was received, respondent denied the request on various grounds, including, as relevant here, that petitioner's request did not reasonably describe the records as required under Public Officers Law § 89 (3).
Petitioner administratively appealed this denial, which, in September 2020, respondent partially denied and partially granted. Specifically, respondent denied the appeal as it relates to items 1 (a)-(d) in the request as not being reasonably described and, nevertheless, such information was available electronically on respondent's public website, which could be utilized to "guide petitioner in any new and more reasonably detailed FOIL request for data." However, respondent directed the records access officer to respond to items 1 (e)-(g) and 2-5, and further advised that petitioner retained the right to administratively appeal any subsequent related denials of access.
In November 2020, the records access officer provided petitioner with certain documents, but denied access to records that were subject to exemptions under the Public Officers Law, protected by attorney-client privilege or within the purview of the work product doctrine. Notably, respondent advised that petitioner maintained the right to file an administrative appeal as it related to the response. Thereafter, petitioner commenced this CPLR article 78 proceeding challenging respondent's September 2020 determination and the November 2020 determination. Following joinder of issue, Supreme Court dismissed the petition, finding that items 1 (a)-(d) were not reasonably described and that petitioner failed to exhaust its administrative remedies relating to items 1 (e)-(g) and 2-5. Petitioner appeals.
We affirm. "The requirement of Public Officers Law § 89 (3) (a) that requested documents be 'reasonably described' serves to enable an agency to locate and identify records in question" (Matter of Pflaum v Grattan, 116 AD3d 1103, 1104 [3d Dept 2014] [citations omitted]; see Matter of Jewish Press, Inc. v New York State Police, 207 AD3d 971, 974 [3d Dept 2022]). "The statute places the initial burden on the person or entity making a FOIL request to provide a reasonable description of the records sought for this [*2]purpose" (Matter of Reclaim the Records v New York State Dept. of Health, 185 AD3d 1268, 1269 [3d Dept 2020] [citations omitted], lv denied 36 NY3d 910 [2021]; see Matter of Tatko v Village of Granville, 207 AD3d 975, 978 [3d Dept 2022]). "In turn, when an agency denies a FOIL request on this ground, the agency bears the burden to establish that the descriptions were insufficient for purposes of locating and identifying the documents sought" (Matter of Reclaim the Records v New York State Dept. of Health, 185 AD3d at 1269 [internal quotation marks and citations omitted]).
Here, the requested documents under 1 (a)-(d) of petitioner's FOIL request were not reasonably described. The request seeks all records "which provide or allow for comparative analysis" in four subparts, including "any studies conducted to this effect, of any scale, for any purpose, which contain conclusions about the relationship between public and private school performance," a request for "any data which reflects" certain performance of private and public schools for a time period of two decades and for "any data collected" which compares the performance of public or privates schools, without referencing a relevant time period. As respondent provided in its determination, these requests contain language that does not clearly define what data elements petitioner is seeking for the purpose of identifying what records would be responsive to the request. Further, as provided in an affidavit in opposition, respondent advised that it maintains only limited data from private schools, therefore adding to the difficulty of deciphering what records petitioner is seeking. Given the vague and broad nature of the language, we cannot say that Supreme Court erred in finding that the items contained in 1 (a)-(d) of petitioner's FOIL request did not reasonably describe responsive documents (see Matter of Jewish Press, Inc. v New York State Police, 207 AD3d at 974; Matter of Reclaim the Records v New York State Dept. of Health, 185 AD3d at 1273).
Similarly, we also find that Supreme Court did not err in concluding that petitioner failed to exhaust its administrative remedies as it relates to items 1 (e)-(g) and 2-5 (see Matter of Lewis v James, 206 AD3d 1393, 1394 [3d Dept 2022]; Matter of New York State Funeral Directors Assn. v New York State Dept. of Health, 200 AD3d 1255, 1257 [3d Dept 2021]). Respondent expressly provided that petitioner maintained such right to challenge the November 2020 determination, which petitioner did not do before commencing this action, and the record does not demonstrate an exception to this requirement (see Matter of McFadden v Fonda, 148 AD3d 1430, 1431 [3d Dept 2017]). Accordingly, Supreme Court properly dismissed the petition (see Matter of Jewish Press, Inc. v New York State Police, 207 AD3d at 974). To the extent that we have not discussed the parties' remaining arguments, they have been examined and found to be lacking merit or academic.
Lynch, J.P., [*3]Clark, Pritzker and Ceresia, JJ., concur.
ORDERED that the judgment is affirmed, without costs.