Matter of New York Civ. Liberties Union v New York State Off. of Ct. Admin. (2024 NY Slip Op 00681)

Matter of New York Civ. Liberties Union v New York State Off. of Ct. Admin.

2024 NY Slip Op 00681

Decided on February 08, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 08, 2024

Before: Oing, J.P., González, Shulman, Pitt-Burke, Higgitt, JJ. 

Index No. 154792/22 Appeal No. 1626 Case No. 2022-05629 

[*1]In the Matter of New York Civil Liberties Union, Petitioner-Respondent,
v
New York State Office of Court Administration et al., Respondents-Appellants.

David Nocenti, Office of Court Administration, New York (Robyn L. Rothman of counsel), for appellants.
New York Civil Liberties Union Foundation, New York (Terry Tianyun Ding of counsel), for respondent.

Order and judgment (one paper), Supreme Court, New York County (Lyle E. Frank, J.), entered October 20, 2022, which, to the extent appealed from, granted the petition to compel respondent New York State Office of Court Administration to disclose records requested by petitioner pursuant to the Freedom of Information Law (FOIL) (Public Officers Law §§ 84-90), to the extent of directing respondent to disclose to petitioner, within 180 days of service of the order with notice of entry, all documents directed to judges or their chambers staff, from January 1, 2011 to the present, in which federal or state court decisions, statutes, regulations, or ordinances are summarized, analyzed, interpreted, construed, explained, clarified, or applied, unanimously reversed, on the law, without costs, the petition denied, and the proceeding brought pursuant to CPLR article 78 dismissed.
Petitioner's concern that respondent is privately instructing judges how to interpret and apply substantive law is unfounded, as the court is not bound by respondent's interpretations. It has always been the province of the court to declare what the law is (see People v Knickerbocker Ice Co., 99 NY 181, 184 [1885].
Respondent properly denied the FOIL request, insofar as raised on appeal, on the ground of overbreadth. Respondent established that the request — seeking records respondent created during a period of more than 10 years that summarized, interpreted, explained, analyzed, or applied any state or federal court decisions, statutes, or regulations — sought information "not stored in any centralized manner, and responding to the FOIL request would involve manually reviewing employees' files and making individual determinations as to" each file (Matter of Oustatcher v Clark, 217 AD3d 478, 479 [1st Dept 2023], lv denied 40 NY3d 908 [2023] [internal quotation marks omitted]). Under the circumstances presented, respondent made a particularized showing that attempting to comply with this broad request would be impracticable (see Matter of Aron Law, PLLC v New York City Dept. of Educ., 192 AD3d 552, 552 [1st Dept 2021], lv denied 37 NY3d 907 [2021]). It does not avail petitioner to argue "that their [FOIL] request should have been interpreted in a much more limited form," where "nothing in the language of the original request or the administrative appeal supports such an interpretation" (Matter of Reclaim the Records v New York State Dept. of Health, 185 AD3d 1268, 1272 [3d Dept 2020], lv denied 36 NY3d 910 [2021]).
As an alternative holding, we find that respondent properly determined that the records at issue were exempt under the attorney-client privilege (see Matter of Appellate Advocates v New York State Dept. of Corr. & Community Supervision, __ NY3d __, 2023 NY Slip Op 06466 [2023]; CPLR 4503[a][1]) and the attorney work product privilege (CPLR 3101[c]; Public Officers Law § 87[2][a]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, [*2]FIRST DEPARTMENT.
ENTERED: February 8, 2024