Matter of Lost Lake Holdings LLC v Hogue (2024 NY Slip Op 05266)

Matter of Lost Lake Holdings LLC v Hogue

2024 NY Slip Op 05266

Decided on October 24, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 24, 2024

CV-23-2133
[*1]In the Matter of Lost Lake Holdings LLC, Appellant,
v
Daniel S. Hogue Jr., as Supervisor and FOIL Appeals Officer for the Town of Forestburgh, et al., Respondents.

Calendar Date:September 11, 2024

Before:Aarons, J.P., Lynch, Ceresia, McShan and Mackey, JJ.

The Law Offices of Cory H. Morris, Central Islip (Cory H. Morris of counsel), for appellant.
Harris Beach PLLC, Albany (Javid Afzali of counsel), for respondents.

McShan, J.
Appeal from a judgment of the Supreme Court (David M. Gandin, J.), entered April 11, 2023 in Sullivan County, which partially granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul determinations of respondents denying petitioner's Freedom of Information Law requests.
The parties before us in this appeal have extensively litigated various issues related to petitioner's development of a 2,500-acre resort and residential community (hereinafter the Lost Lake development) located in the Town of Forestburgh, Sullivan County (see e.g. Matter of Lost Lake Holdings LLC v Town of Forestburgh, 225 AD3d 1020 [3d Dept 2024]; Matter of Lost Lake Resort, Inc. v Board of Assessors for the Town of Forestburgh, 222 AD3d 1091 [3d Dept 2023], lv denied 41 NY3d 909 [2024]). Following an October 2021 Freedom of Information Law (see Public Officers Law art 6 [hereinafter FOIL]) request that is the subject of a companion appeal being handed down simultaneously herewith (Matter of Lost Lake Holdings LLC v Hogue, ___ AD3d ___ [3d Dept 2024] [decided herewith]), petitioner directed two additional FOIL requests — the first in March 2022 and the second in April 2022 — to respondent Town Clerk — who also holds the position of Records Access Officer (hereinafter RAO) — of respondent Town of Forestburgh seeking various records pertaining to the Lost Lake development.[FN1] The RAO acknowledged receipt and indicated that a response would be forthcoming in 30 days. However, after the RAO failed to respond, petitioner appealed the constructive denial of the request. Respondent FOIL Appeals Officer (hereinafter FAO) — who is also the Town Supervisor — partially granted six requests and otherwise denied the remainder of petitioner's appeal based upon, among other things, his conclusion that the requests did not reasonably describe the records sought, respondents did not maintain the requested records or the requests were duplicative of petitioner's October 2021 FOIL request. Petitioner then commenced this CPLR article 78 proceeding challenging respondents' determinations. Supreme Court partially granted the petition, ordering respondents to produce — as requested in the April 2022 FOIL request — a subject matter list, invoices from its legal counsel and records from the Town comprehensive plan committee, but otherwise affirmed the FAO's denials. Petitioner appeals.
"The requirement of Public Officers Law § 89 (3) (a) that requested documents be reasonably described serves to enable an agency to locate and identify the records in question. The statute places the initial burden on the person or entity making a FOIL request to provide a reasonable description of the records sought for this purpose. In turn, when an agency denies a FOIL request on this ground, the agency bears the burden to establish that the descriptions were insufficient for purposes of locating and identifying the documents sought" (Matter of Reclaim the Records v New York State Dept. of [*2]Health, 185 AD3d 1268, 1269 [3d Dept 2020] [internal quotation marks and citations omitted], lv denied 36 NY3d 910 [2021]; accord Matter of Jewish Press, Inc. v New York State Educ. Dept., 212 AD3d 916, 917 [3d Dept 2023]). As relevant here, concerning "records that are maintained electronically, the agency must show that the descriptions provided are insufficient for purposes of extracting or retrieving the requested documents from the virtual files through an electronic word search by name or other reasonable technological effort" (Matter of Puig v New York State Police, 212 AD3d 1025, 1026 [3d Dept 2023] [internal quotation marks, brackets, ellipses and citation omitted]).
Consistent with our determination in the companion appeal, we find that respondents' generalized assertions that various requests were not reasonably described are without merit, and that remittal is required in order to afford the opportunity to comply with certain requests, particularly those seeking communications that might be electronically stored. Turning first to petitioner's category 2 and 3 requests, we note that the requests bear similarity to each other as well as to the records sought in category 6 of petitioner's October 2021 FOIL request. We further discern that the primary focus of the parties' contentions concerns the email communications and associated documents of, among others, certain town officials requested in said categories. In advancing the position that the requests were not reasonably described, respondents rely on various Committee on Open Government advisory opinions suggesting that a search that yields "thousands of communications" might not meet said standard. However, the assertion of the burden associated with review of such records merely reflects respondents' "conflat[ion of] the requirement of reasonable description with the related, but separate, consideration as to whether it would be unduly burdensome for [respondents] to comply with the petitioner's request" (Matter of Jewish Press, Inc. v New York City Dept. of Educ., 183 AD3d 731, 733 [2d Dept 2020]). To that end, as we previously noted with respect to the relevant category in the October 2021 FOIL request, we do not believe that the description in the request seeking, in sum and substance, communications pertaining to the Lost Lake project is unlimited or vague, as it properly sets a limitation on the persons and subject matter that are being sought (see Matter of Aron Law PLLC v City of Rochester, 218 AD3d 1121, 1122 [4th Dept 2023]; Matter of Jewish Press, Inc. v New York City Dept. of Educ., 183 AD3d at 732; see generally Matter of Konigsberg v Coughlin, 68 NY2d 245, 249 [1986]). These principles are equally applicable to petitioner's category 2 and 3 requests at issue in this appeal.
Moreover, with respect to the parameters of the search, respondents assert, in sum and substance, that requiring town officials to search their various email accounts would be an enormous undertaking [*3]and would require that said officials be impermissibly tasked with assessing their communications to determine if they were responsive. To begin, it is apparent from the record that respondents asserted the unreasonableness of petitioner's request without actually engaging in any effort to conduct a search. Unlike those situations in which an agency could not discern how to effectuate the record retrieval process based upon a failure to articulate where the documents could be found, here, respondents conceded that, rather than maintain a centralized server, town personnel were directed to create email addresses on a private server for use on town matters and it is evident what the search would encompass (cf. Matter of Jewish Press, Inc. v New York City Dept. of Educ., 183 AD3d at 732; compare Matter of Wagner v New York City Dept. of Educ., 222 AD3d 420, 421 [1st Dept 2023], lv granted 41 NY3d 908 [2024]). Further, contrary to the assertion that town officials would each have to utilize their own discretion in assessing what documents were responsive, there is no evidence establishing that an electronic word search, reached in consultation with petitioners, could not be fashioned so as to encompass the universe of documents applicable to production prior to any further review for potential exempt material on the part of respondents (see Matter of Pflaum v Grattan, 116 AD3d 1103, 1104-1105 [3d Dept 2014]; see also Matter of Goldstein v Incorporated Vil. of Mamaroneck, 221 AD3d 111, 122 [2d Dept 2023]). Respondents are "responsible for assuring that agency personnel . . . assist persons seeking records to identify the records sought, if necessary, and when appropriate," and that personnel "contact persons seeking records when a request is voluminous or when locating the records sought involves substantial effort, so that agency personnel may ascertain the nature of records of primary interest and attempt to reasonably reduce the volume of the records requested" (21 NYCRR 1401.2 [b] [2], [3]; see Matter of Goldstein v Incorporated Vil. of Mamaroneck, 221 AD3d at 122). Accordingly, although Supreme Court properly noted that a government agency need only put forth a reasonable effort (see Public Officers Law § 89 [3] [a]), we find that any evidence of the minimal effort required relative to the search of email addresses is lacking (compare Reclaim the Records v New York State Dept. of Health, 185 AD3d at 1273). We therefore find that remittal to respondents for further consideration and the opportunity to comply with the request is appropriate. In doing so, respondents may still assert any applicable exemptions previously asserted, such as attorney-client privilege or inter/intra-agency communications (see Public Officers Law § 87 [2] [a], [g]), taking care to catalogue such assertions with particularity so as to permit Supreme Court to review the records in camera if necessary (see Matter of Pflaum v Grattan, 116 AD3d at 1105).
We similarly find that [*4]petitioner's category 12, 13, 15 and 16 requests, which, in sum and substance, sought records pertaining to the enactment of certain local laws, contained reasonable descriptions allowing for production. However, these requests were granted in part and, therefore, to the extent that the denial of certain portions of the requests was predicated on the failure to reasonably describe, we remand for respondents to reconsider production or otherwise assert any applicable exemptions.
As an alternative ground for affirmance, respondents contend, as relevant here, that requests 2, 3 and 4 were duplicative of those in the October 2021 FOIL request. We note that generally "if two FOIL requests are duplicative, the instant proceeding is properly dismissed as a belated attempt to seek judicial review of the denial of the first request" (Matter of Garcia v Division of State Police, 302 AD2d 755, 756 [3d Dept 2003] [internal quotation marks, brackets and citation omitted]). However, as we have determined in the companion appeal that the descriptions contained in category 6 of the October 2021 FOIL request were adequate and require remittal, we do not find that the duplicative impediment to production exists. Specifically, in light of our respective determinations in these companion appeals concerning category 6 of the October 2021 FOIL request which entails remittal for respondents' further consideration and potential compliance, categories 2 and 3 of the April 2022 FOIL request cannot be fairly characterized as duplicative. We do, however, find that petitioner's category 4 request is duplicative to prior requests for information relating to the retention of counsel, including those contained in the March 2022 request. We nevertheless note that respondents granted the request to the extent that it did not require production of records that were protected by attorney-client privilege. To that end, we direct that any withheld documents on that basis be included in the catalogue of respondents' asserted exemptions to production.
Conversely, we find that petitioner's category 17, 19 and 20 requests are overly broad and were properly denied as not reasonably described. Although there is a date limitation contained in the category 19 and 20 requests, there is no corresponding subject matter limitation that would adequately narrow the request, and the inclusion of all correspondence sent or received by virtually anyone renders it unreasonable to require respondents to ascertain what records petitioners are specifically seeking. Even more glaring, petitioner's category 17 request contains no date limitation at all. Accordingly, we find these requests were properly denied as "vague [and] unlimited" on their face based upon the failure to "circumscribe[ ] [the requests] as to subject matter, groups of individuals to whom they pertained, and time period" (Matter of Goldstein v Incorporated Vil. of Mamaroneck, 221 AD3d at 120; see Matter of Jewish Press, Inc. v New York [*5]State Police, 207 AD3d 971, 974 [3d Dept 2022]). Finally, we cannot discern on the record before us whether petitioner's category 14 request is entirely duplicative or has otherwise been complied with. As noted in the FAO affidavit, the records subject to this request and relevant to the Lost Lake project were provided in the response to petitioner's October 2021 request, including "reimbursement account books and records reviewed by the Town." It is unclear whether any further documents were provided by respondents or what documents would otherwise fall under that request, and we therefore remit for further factfinding on that issue. To the extent the request sought all records pertaining to any and all funds maintained by the Town, we find such request to be similarly deficient to the category 17, 19 and 20 requests and was thus properly denied.
As to categories 8 and 18, although we find that the descriptions are reasonable, we find that the denial of such requests may be affirmed on other grounds. Category 8 sought the names of former Town comprehensive plan committee members with their titles and emails and category 18 sought the same information as category 8 for current members of the Town comprehensive plan committee and board. The FAO stated that respondents do not maintain such information as records and respondents were not required to create responsive records to satisfy petitioner's request (see Matter of McGee v Putnam County Assistant Dist. Attorney David M. Bishop, 192 AD3d 1446, 1449 [3d Dept 2021]). Furthermore, the FAO's affidavit submitted during the pendency of this proceeding provided links to the publicly available meeting minutes of the Town Board and planning board since October 28, 2021 as requested in category 10, and petitioner's submissions fail to establish the existence of any minutes that remain outstanding, thus rendering petitioner's request moot (see Matter of Aron Law PLLC v Sullivan County, 214 AD3d 1186, 1189 [3d Dept 2023]; Matter of Prisoners' Legal Servs. of N.Y. v New York State Dept. of Corr. & Community Supervision, 209 AD3d 1208, 1210-1211 [3d Dept 2022], affd 42 NY3d 936 [2024]; Matter of New York State Funeral Directors Assn. v New York State Dept. of Health, 200 AD3d 1255, 1256-1258 [3d Dept 2021]).
With respect to the category 6 request, petitioner sought any notes generated by the chair of the Town Planning Board with respect to any proceeding or meeting of the Town Board, planning board, zoning committee and board of appeals, or any meetings with a Town official, outside consultant or counsel in any way related to the Lost Lake development. The FAO ultimately denied the request on the basis that the notes taken by the chair "at any meeting outside of a Planning Board meeting are not Town records." We find that respondents' assertion is too broad. There is no question that the definition of records pursuant to FOIL would encompass notes, handwritten or typed, prepared in connection with an official [*6]government function (see Matter of Marino v Pataki, 55 AD3d 1171, 1173 [3d Dept 2008]; Matter of Humane Socy. of U.S. v Brennan, 53 AD3d 909, 911 [3d Dept 2008], lv denied 11 NY3d 711 [2008]; see generally Matter of Newsday, Inc. v Empire State Dev. Corp., 98 NY2d 359, 362 [2002]; Matter of Gould v New York City Police Dept., 89 NY2d 267, 278 [1996]). Relevant here, the question is whether the chair generated any notes while acting in his official capacity during his attendance at the aforementioned meetings or proceedings (see Comm on Open Govt FOIL-AO 11231 [1998]; see also Matter of Warder v Board of Regents of Univ. of State of N.Y., 97 Misc 2d 86, 88 [Sup Ct, Albany County 1978]). Respondents may ultimately conclude that certain notes generated by the chair stemmed from his private attendance at those boards to which he is not a member or that they were not otherwise preserved. However, it is necessary to remit the request to respondents to assess the accuracy of that representation and properly certify thereto (see Matter of Jackson v Albany County Dist. Attorney's Off., 176 AD3d 1420, 1422 [3d Dept 2019]). If responsive documents are retrieved, respondents may still assert any potential exemptions to disclosure, which would also be subject to in camera review (see generally Matter of Marino v Pataki, 55 AD3d at 1173).
Finally, for similar reasons to those stated in our decision in the companion appeal (Matter of Lost Lake Holdings LLC v Hogue, ___ AD3d ___ [3d Dept 2024] [decided herewith]), we defer consideration on the issue of counsel fees at this time as the petition remains undetermined (see Matter of Jewish Press, Inc. v New York City Dept. of Educ., 183 AD3d at 733).
Aarons, J.P., Lynch, Ceresia and Mackey, JJ., concur.
ORDERED that the judgment is modified, on the law, without costs, by reversing so much thereof as denied petitioner's challenge to categories 2, 3, 12, 13, 14, 15, 16, 17, 18, 19 and 20 of its Freedom of Information Law request based upon a determination that the request did not reasonably limit the scope of responsive records, and so much thereof as denied petitioner's challenge to category 6 of its Freedom of Information Law request based upon a determination that the requested documents did not constitute records pursuant to the Freedom of Information Law; matter remitted to respondents to provide an opportunity to comply regarding categories 2, 3, 6, 12, 13, 14, 15, 16, 17, 18, 19 and 20, and to engage in a review of responsive documents including categories 2, 3, 6, 12, 13, 14, 15 and 16 and provide a catalogue with justifications for any asserted exemptions; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

Footnotes

Footnote 1: Although Supreme Court addressed both the March 2022 and April 2022 requests in its decision and order on the petition, petitioner limits its arguments on appeal to the April 2022 request.