■ BRUCE S. KLUTCHKO, Appellant, v MARCY R. BARON, Respondent. [796 NYS2d 100]—

In an action for a divorce and ancillary relief, the plaintiff appeals from an order of the Supreme Court, Westchester County (Nicolai, J.), dated May 15, 2003, which denied his motion for a downward modification of his obligation to pay child support and maintenance pendente lite.

Ordered that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings in accordance with our decision and order in *Klutchko v Baron* (1 AD3d 400 [2003]).

In 1995 the plaintiff husband moved for a downward modification of his pendente lite child support and maintenance obligations. Ultimately, the matter was referred to the trial judge for determination. On a prior appeal, this Court, inter alia, reversed so much of an order of the Supreme Court, Westchester County (Shapiro, J.), dated January 24, 2002, as granted the defendant wife's cross motion for partial summary judgment dismissing the husband's motion (*see Klutchko v Baron*, 1 AD3d 400, 403 [2003]). In so doing, we stated in relevant part: "The Supreme Court erred in deeming disclosure completed, precluding the husband from offering evidence at trial relevant to his motion for a downward modification of pendente lite child support and maintenance, previously referred to the trial judge by a justice of coordinate jurisdiction, and preventing the husband from obtaining any further disclosure" (*id.* at 404). Accordingly, we revived the parties' right to complete disclosure, and remitted the matter to the Supreme Court, Westchester County, for a scheduling order and further proceedings (*id.* at 404-405). This decision and order became law of the case and was binding on the Supreme Court (*see Johnson v Incorporated Vil. of Freeport*, 288 AD2d 269 [2001]; *Shroid Constr. v Dattoma*, 250 AD2d 590

[1998]). However, the order was not complied with. Rather, upon remittitur, the Supreme Court issued an order which resolved the husband's application based on testimony adduced in 1997. Accordingly, we reverse the order and remit the matter to the Supreme Court, Westchester County, for further proceedings in accordance with our decision and order in *Klutchko v Baron (supra)*.

The husband's remaining arguments are either academic in light of our determination or barred by the doctrine of law of the case (*see Palumbo v Palumbo,* 10 AD3d 680, 682 [2004]). H. Miller, J.P., Ritter, Goldstein and Crane, JJ., concur.