Matter of Jewish Press, Inc. v New York City Dept. of Educ. (2020 NY Slip Op 02785)





Matter of Jewish Press, Inc. v New York City Dept. of Educ.


2020 NY Slip Op 02785


Decided on May 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
RUTH C. BALKIN
SYLVIA O. HINDS-RADIX, JJ.


2019-05079
 (Index No. 524411/18)

[*1]In the Matter of Jewish Press, Inc., appellant,
v
New York City Department of Education, respondent.


Aron Law, PLLC, Brooklyn, NY (Joseph H. Aron and Binyomin Z. Bendet of
counsel), for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Richard Dearing and Jeremy W. Shweder of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78, inter alia, to compel the production of certain records pursuant to the Freedom of Information Law (Public Officers Law art 6) and for an award of attorney's fees and litigation costs, the petitioner appeals from a judgment of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated March 1, 2019. The judgment denied the petition and, in effect, dismissed the proceeding.
ORDERED that the judgment is reversed, on the law, with costs, the petition is reinstated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings in accordance herewith.
The petitioner made a request to the respondent pursuant to the Freedom of Information Law (Public Officers Law art 6; hereinafter FOIL), for copies of forms used by the respondent's employees to request absences for religious observances, in cases where the request was denied, for the period of January 1, 2015, to April 20, 2018. The petitioner expressed willingness to accept the redaction of the names, addresses, and social security numbers of the employees involved. The respondent denied the request on the ground that the requested records were not reasonably described, as required by Public Officers Law § 89(3)(a), so as to enable the respondent, with reasonable effort, to conduct a search to locate and identify the requested records. Since the requested records were "not coded or stored electronically," the respondent explained that in order to locate and identify the requested records, more than 100,000 individual personnel files would have to be searched. The denial of the petitioner's request was upheld on administrative appeal. The petitioner commenced the instant proceeding pursuant to CPLR article 78, inter alia, to compel the production of the requested records and for an award of attorney's fees and litigation costs. The Supreme Court denied the petition and, in effect, dismissed the proceeding. We reverse.
"To promote open government and public accountability, FOIL imposes a broad duty on government agencies to make their records available to the public (see Public Officers Law § 84). [*2]The statute is based on the policy that the public is vested with an inherent right to know and that official secrecy is anathematic to our form of government'" (Matter of Abdur-Rashid v New York City Police Dept., 31 NY3d 217, 224-225, quoting Matter of Fink v Lefkowitz, 47 NY2d 567, 571).
Public Officers Law § 89(3)(a) requires that documents requested pursuant to FOIL be "reasonably described" in order to enable the agency to locate the records in question. That provision also states that an "agency shall not deny a request on the basis that the request is voluminous or that locating or reviewing the requested records or providing the requested copies is burdensome because the agency lacks sufficient staffing or on any other basis if the agency may engage an outside professional service to provide copying, programming or other services required to provide the copy, the costs of which the agency may recover pursuant to paragraph (c) of subdivision one of section eighty-seven of this article."
We disagree with the Supreme Court's determination that it was proper for the respondent to deny the petitioner's request on the ground that the requested records were not reasonably described. The requirement that a FOIL request reasonably describe the records sought is to enable the agency to locate the records in question (see Matter of Konigsberg v Coughlin, 68 NY2d 245, 249; Matter of M. Farbman & Sons, Inc. v New York City Health & Hosps. Corp., 62 NY2d 75, 83). In order for an agency to deny a FOIL request for overbreadth, the agency must demonstrate that the description is " insufficient for the purposes of locating and identifying the documents sought'" (Matter of Konigsberg v Coughlin, 68 NY2d at 249, quoting Matter of M. Farbman & Sons, Inc. v New York City Health & Hosps. Corp., 62 NY2d at 83). Where the request is sufficiently detailed to enable the agency to locate the records in question, the agency cannot complain about the nomenclature of the request as described (see Matter of Johnson Newspaper Corp. v Stainkamp, 94 AD2d 825, 826, mod on other grounds 61 NY2d 958). Here, the respondent concedes that it can locate the requested records. The respondent acknowledges that the forms are maintained at the schools where the relevant employees are currently or were last assigned. Contrary to the respondent's contention, the petitioner's request is not open-ended and does not require the respondent to manually search every document filed with it over a broad time period (see Matter of Konigsberg v Coughlin, 68 NY2d at 249; see also Marks v United States, 578 F2d 261, 263 [9th Cir]; Matter of Bader v Bove, 273 AD2d 466, 467).
The respondent has conflated the requirement of reasonable description with the related, but separate, consideration as to whether it would be unduly burdensome for the respondent to comply with the petitioner's request. While the respondent's submissions demonstrate that it knows where the requested records are located, the respondent also maintains that it would be burdensome for it to conduct a search of the personnel files at each of its 1,700 schools to produce the requested records. However, as previously noted, Public Officers Law § 89(3)(a) provides that the "agency shall not deny a request on the basis that the request is voluminous or that locating or reviewing the requested records or providing the requested copies is burdensome because the agency lacks sufficient staffing or on any other basis if the agency may engage an outside professional service to provide copying, programming or other services required to provide the copy, the costs of which the agency may recover pursuant to paragraph (c) of subdivision one of section eighty-seven of this article." The issue of burden and/or whether the respondent is able to engage an outside professional service to cull the records sought was not addressed by the Supreme Court and we cannot resolve it on this record. Among other things, it is unclear as to how much time would be involved for an employee at each school to review the relevant files. Further, although the petitioner has expressed its willingness to reimburse the respondent for reasonable costs involved in having the respondent's employees, or an appropriate third party, review and copy the respondent's records, there is no information in the record as to what that cost would be or whether the petitioner would in fact be willing to reimburse the respondent for the full amount of those costs, once those costs are determined.
Since the petition remains undetermined, the petitioner's request for an award of attorney's fees and litigation costs is premature (see Matter of Beechwood Restorative Care Ctr. v Signor, 5 NY3d 435, 441).
Accordingly, we reverse the judgment, reinstate the petition, and remit the matter to the Supreme Court, Kings County, for further proceedings, including additional submissions by the parties, and a new determination of the petition.
SCHEINKMAN, P.J., MASTRO, BALKIN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court