Matter of Jewish Press, Inc. v New York City Dept. of Educ. (2021 NY Slip Op 00173)





Matter of Jewish Press, Inc. v New York City Dept. of Educ.


2021 NY Slip Op 00173


Decided on January 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
HECTOR D. LASALLE
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2020-05983
 (Index No. 524411/18)

[*1]In the Matter of Jewish Press, Inc., respondent,
v
New York City Department of Education, appellant.


James E. Johnson, Corporation Counsel, New York, NY (Devin Slack and Jeremy W. Shweder of counsel), for appellant.
Aron Law, PLLC, Brooklyn, NY (Joseph H. Aron of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to compel the production of certain records pursuant to the Freedom of Information Law (Public Officers Law art 6) and for an award of attorney's fees and litigation costs, the respondent appeals from a judgment of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated July 17, 2020. The judgment granted the petition.
ORDERED that the judgment is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Kings County, for further proceedings in accordance with our decision and order in Matter of Jewish Press, Inc. v New York City Dept. of Educ. (183 AD3d 731).
The petitioner previously appealed a judgment which dismissed its CPLR article 78 proceeding to compel compliance with its request pursuant to the Freedom of Information Law (Public Officers Law art 6; hereinafter FOIL), seeking the production of certain records from the New York City Department of Education (hereinafter the DOE). This Court reversed that judgment, reinstated the petition, and remitted the matter to the Supreme Court for further proceedings (see Matter of Jewish Press, Inc. v New York City Dept. of Educ., 183 AD3d 731).
Thereafter, the Supreme Court apparently held a conference with the parties after which they were directed to submit proposed orders. Ultimately, in the judgment on appeal, the court granted the petition. The DOE appeals, arguing that the court failed to conduct further proceedings in accordance with this Court's prior decision and order.
In our prior decision and order, we noted that the issue of the burden that would be imposed upon the DOE to comply with the petitioner's FOIL request and whether the DOE is able to engage an outside professional service to cull the records sought was not addressed by the Supreme Court and could not be resolved on the record before us (see Matter of Jewish Press, Inc. v New York City Dept. of. Educ.,183 AD3d at 733). We noted that "[a]mong other things, it is unclear as to how much time would be involved for an employee at each school to review the relevant files. Further, although the petitioner has expressed its willingness to reimburse the [DOE] for reasonable costs involved in having the [DOE's] employees, or an appropriate third party, review and copy the [DOE's] records, there is no information in the record as to what that cost would be or whether the petitioner would in fact be willing to reimburse the [DOE] for the full amount of those [*2]costs, once those costs are determined" (id.). Accordingly, we remitted the matter to the Supreme Court for further proceedings, including additional submissions by the parties (see id.).
Our prior decision and order was law of the case and binding on the Supreme Court (see Klutchko v Baron, 18 AD3d 618). However, the court failed to conduct further proceedings, including the taking of additional submissions on the issues of burden, cost and reimbursement, in accordance with our decision and order. Accordingly, we reverse the judgment and remit the matter for further proceedings in accordance with our decision and order in Matter of Jewish Press, Inc. v New York City Dept. of Educ. (183 AD3d 731).
CHAMBERS, J.P., LASALLE, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court