Matter of Urena v Mulligan (2022 NY Slip Op 00340)





Matter of Urena v Mulligan


2022 NY Slip Op 00340


Decided on January 20, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:January 20, 2022

530563
[*1]In the Matter of the Claim of Luis Urena, Claimant,
v
Frank Mulligan, Doing Business as ABCAL Industries, Respondent, and Norguard Insurance Company, Appellant. Workers' Compensation Board, Respondent.

Calendar Date:December 15, 2021

Before:Egan Jr., J.P., Clark, Pritzker and Colangelo, JJ.

LOIS LLC, New York City (Addison O'Donnell of counsel), for appellant.
Letitia James, Attorney General, New York City (Nina M. Sas of counsel), for Workers' Compensation Board, respondent.



Clark, J.
Appeals (1) from a decision of the Workers' Compensation Board, filed June 19, 2019, which ruled that the employer's workers' compensation carrier failed to comply with 12 NYCRR 300.13 (b) and denied review of a decision by the Workers' Compensation Law Judge, and (2) from a decision of said Board, filed September 9, 2020, which ruled, among other things, that the carrier was liable for claimant's workers' compensation benefits.
Edmund Lewis Ltd. (hereinafter Lewis) subcontracted with Abcal Industries, a Pennsylvania company, to perform carpentry services at a residential renovation project in Brooklyn. In July 2017, claimant, an employee of Abcal, sustained injuries after falling approximately 10 feet while working, and he applied for workers' compensation benefits. In a decision filed in February 2019, the Workers' Compensation Law Judge (hereinafter WCLJ) found that an insurance policy issued to Abcal by Norguard Insurance Company provided workers' compensation coverage at the time of claimant's accident. Norguard appealed and, in a decision filed in June 2019, the Workers' Compensation Board denied review of the WCLJ's decision, finding that Norguard failed to comply with 12 NYCRR 300.13 (b).
Hearings on the claim continued and, in a decision filed in June 2019, the WCLJ established the claim and found, among other things, that Abcal was the proper employer. Norguard appealed that decision to the Board. A further hearing was held, during which Norguard sought to depose claimant's treating physicians regarding the degree of his disability. The WCLJ denied the request in a decision filed in February 2020, and Norguard appealed that decision to the Board. In a combined decision filed on September 9, 2020 on the administrative appeals from the June 2019 and February 2020 WCLJ decisions, the Board ruled that the February 2019 WCLJ decision, which formed the basis for the WCLJ's June 2019 decision, was interlocutory and addressed the merits of Norguard's appeal of that decision. The Board determined that Abcal is the proper employer and Norguard is the proper carrier and continued the case in order to provide the parties the opportunity to conduct depositions of the medical experts. Norguard appeals from both the June 2019 and the September 2020 Board decisions.[FN1]
Norguard argues that the policy it issued to Abcal does not cover the underlying Workers' Compensation Law claim and that the Board therefore erred in determining that it is the proper carrier. "[B]efore an insurance company is permitted to avoid policy coverage, it must satisfy [its] burden . . . of establishing that the exclusions or exemptions apply in the particular case, and that they are subject to no other reasonable interpretation" (Seaboard Sur. Co. v Gillette Co., 64 NY2d 304, 311 [1984] [internal citations omitted]; see Matter of Cardona v DRG Constr. LLC, 196 AD3d 988, 989-990 [2021]). The record reflects that the policy that Norguard issued to Abcal was effective [*2]from April 1, 2017 to April 1, 2018 and, as stated in Item 3A of the policy's Information Page, applied to the Workers' Compensation Law of Pennsylvania. However, Part 3 (2) of the policy provided that, "[i]f [Abcal began] work in any one of the states [shown in Item 3C of the Information Page] after the effective date of th[e] policy and [was] not insured or . . . self-insured for such work, all provisions of th[e] policy [would] apply as though that state were listed in Item [3A] of the Information Page."[FN2] Part 3 (4) provided, however, that "[i]f [Abcal had] work on the effective date of th[e] policy in any state not listed in Item 3A of the Information Page, coverage [would] not be afforded for that state unless [Norguard was] notified within [30] days."
Norguard argues that Part 3 (4) is applicable, and that coverage is excluded because Abcal failed to provide notification of its New York work within 30 days of the policy's effective date. The Board, however, interpreted the language in Part 3 (4) as requiring that Abcal be actively performing work in New York on the effective date of the policy. We cannot say that such interpretation is unreasonable or irrational. In the absence of any evidence that Abcal was performing work in New York at the time that the policy went into effect, Norguard did not satisfy its burden of demonstrating that the exclusion of coverage contained in Part 3 (4) was applicable.[FN3]
The Board reasonably determined that Abcal began work in New York after the effective date of the policy and, therefore, Part 3 (2) was applicable. The record reflects that Abcal and Lewis entered into a general subcontract agreement regarding the Brooklyn project in April 2016. The parties entered into a further subcontract agreement for the project on May 2, 2017. Pursuant to that agreement, which "replace[d] all previous agreements" signed by the parties, Abcal was required to procure insurance "[b]efore commencing work" on the project, and to maintain insurance "until completion and final acceptance of the work." To that end, Abcal provided Lewis with a certificate of insurance dated May 2, 2017 indicating that Norguard was the workers' compensation carrier and that both Lewis and the owner of the residential property were indemnified. Contrary to Norguard's contention, there is no proof in the record that Abcal was insured through another policy or self-insured in May 2017. Given the language in the May 2, 2017 agreement requiring Abcal to procure insurance "[b]efore" (emphasis added) beginning work on the project, and the lack of any proof in the record that Abcal was working anywhere else in New York at the time the policy took effect, the Board rationally concluded that Part 3 (2) was applicable and that Norguard was the responsible carrier for this claim (see Matter of Gaylord v Buffalo Transp., Inc., 195 AD3d 1200, 1203-1204 [2021]; Matter of Cerbasi v County Metal & Glass, Inc., 115 AD3d 1084, 1085 [2014]).
Norguard's [*3]contention that coverage is precluded by Workers' Compensation Law § 50 (2) is raised for the first time on appeal and, therefore, is unpreserved for our review (see Shiner v SUNY at Buffalo, 144 AD3d 1371, 1373 [2016], lv denied 28 NY3d 916 [2017]). In any event, although the Board has advised that, in order to satisfy the statute, employers with employees in New York must obtain a policy that lists New York in Item 3A of the policy's Information Page (see Preserver Ins. Co. v Ryba, 10 NY3d 635, 645 [2008]), we would find that the requirement was satisfied here because Part 3 (2) of Norguard's policy includes the language that, if applicable, "all provisions of the policy will apply as though that state were listed in Item [3A] of the Information Page" (compare Matter of Estate of Velasquez v NGA Constr. Co., Inc., 112 AD3d 1051, 1052 [2013]). Norguard's remaining claims, to the extent properly before us, have been examined and found to be without merit.
Egan Jr., J.P., Pritzker and Colangelo, JJ., concur.
ORDERED that the appeal from the decision filed June 19, 2019 is dismissed, as moot, without costs.
ORDERED that the decision filed September 9, 2020 is affirmed, without costs.



Footnotes

Footnote 1: Inasmuch as the Board addressed the merits of the WCLJ's February 2019 decision in its September 2020 decision, Norguard's appeal of the Board's June 2019 decision denying review of that WCLJ decision on 12 NYCRR 300.13 (b) grounds is now moot.

Footnote 2: Item 3C indicates that Part 3 of the policy, entitled "Other States Insurance," applies to all states except Pennsylvania, North Dakota, Ohio, Washington and Wyoming.

Footnote 3: Although there is evidence in the record that Abcal had a workers' compensation insurance policy in New York prior to when it obtained Norguard's policy, there is no evidence as to when Abcal had performed work in New York or that the work was taking place at the time that Norguard's policy took effect.