Matter of Puig v New York State Police (2023 NY Slip Op 00258)

Matter of Puig v New York State Police

2023 NY Slip Op 00258

Decided on January 19, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 19, 2023

534648 
[*1]In the Matter of Kenneth Puig, Appellant,
v
New York State Police et al., Respondents.

Calendar Date:December 15, 2022

Before:Garry, P.J., Lynch, Aarons, Reynolds Fitzgerald and Ceresia, JJ. 

Law Offices of Cory H. Morris, Melville (Cory H. Morris of counsel), for appellant.
Letitia James, Attorney General, Albany (Laura Etlinger of counsel), for respondents.

Ceresia, J.
Appeal from a judgment of the Supreme Court (Catherine E. Leahy Scott, J.), entered November 17, 2021 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent New York State Police denying petitioner's Freedom of Information Law request.
Following the repeal of Civil Rights Law § 50-a (see L 2020, ch 96, § 1) — which formerly shielded law enforcement personnel records from inspection or review without a court order— petitioner, an attorney, made a Freedom of Information Law (hereinafter FOIL) request for, among other things, copies of all disciplinary records of any state trooper who had been disciplined. Respondent New York State Police (hereinafter respondent) denied the request on the ground that it failed to reasonably describe the records sought and was exceedingly broad. Specifically, respondent stated that it had employed thousands of individuals throughout its history and noted that disciplinary records are maintained by individual employee, such that a search of every employee's file would constitute a monumental task. Petitioner sent respondent a letter administratively appealing this determination and, within that letter, modified his request, indicating that he was only seeking disciplinary records of active troopers assigned to the Counties of Orange, Dutchess and Ulster. In response to the administrative appeal, respondent affirmed the denial of the broader request but remitted the narrower, modified request to its Records Access Office for a determination. Upon remittal, that office denied petitioner's modified request on the basis that it still failed to reasonably describe the records sought, because respondent's employee files, in which disciplinary records are kept, cannot be searched by county of assignment. Petitioner administratively appealed, and respondent failed to rule on the appeal.
Petitioner thereafter commenced this CPLR article 78 proceeding to compel disclosure of the records sought in his modified request. Petitioner also sought an order directing respondent to undergo training regarding its legal obligations under FOIL, as well as an award of counsel fees and litigation costs. Following joinder of issue, Supreme Court dismissed the petition, finding that respondent had established a valid basis to deny the modified request — namely, that it was unable to search for and locate the records sought when described by county. The court also denied the additional requested relief. Petitioner appeals.[FN1]
It is well settled that, "[u]nder FOIL, agency records are presumptively available for public inspection" (Matter of Empire Ch. of Associated Bldrs. and Contractors, Inc. v New York State Dept. of Transportation, ___ AD3d ___, ___, 2022 NY Slip Op 06852, *1 [3d Dept 2022] [internal quotation marks and citations omitted]). While Public Officers Law § 89 (3) (a) requires that the records sought be "reasonably described," an agency [*2]denying a FOIL request for lack of a reasonable description "bears the burden to establish that the descriptions were insufficient for purposes of locating and identifying the documents sought" (Matter of Jewish Press, Inc. v New York State Police, 207 AD3d 971, 974 [3d Dept 2022] [internal quotation marks and citations omitted]; see Matter of Konigsberg v Coughlin, 68 NY2d 245, 249 [1986]). With particular respect to records that are maintained electronically, the agency must show "that the descriptions provided are insufficient for purposes of extracting or retrieving the requested document[s] from the virtual files through an electronic word search . . . [by] name or other reasonable technological effort" (Matter of Pflaum v Grattan, 116 AD3d 1103, 1104 [3d Dept 2014]; see Matter of Reclaim the Records v New York State Dept. of Health, 185 AD3d 1268, 1269 [3d Dept 2020], lv denied 36 NY3d 910 [2021]).
As noted above, in denying petitioner's modified request, respondent indicated that it was not able to conduct a search of its disciplinary records based upon a trooper's county of assignment. Thus, respondent reasoned, it would be necessary to search "every employee's individual file[], a herculean task that is not required under FOIL." Respondent elaborated upon this reasoning in its answer to the petition by submitting the sworn affidavit of an attorney assigned to assist respondent with FOIL requests, who claimed that, although respondent has the ability to "track discipline electronically [going] back to 1999," respondent "does not file, maintain or index employee records by what county they work out of. To the extent that [respondent] is an agency that services the entire State of New York, there may be instances where [m]embers of [respondent] work across county lines or in multiple counties on the same day."
Notwithstanding this position, the parties acknowledge that the three counties at issue in petitioner's modified request are served by only two of respondent's 11 troops — Troop F and Troop K. Respondent concedes that troopers are generally assigned to work in a specific troop. Thus, given that the records sought by petitioner are confined to two identifiable troops, we find that the description in petitioner's modified request was reasonable and sufficiently detailed to enable respondent to locate and identify the requested records.
However, the question of whether a request contains a reasonable description is separate from consideration as to whether the request is unduly burdensome (see Matter of Jewish Press, Inc. v New York City Dept. of Educ., 183 AD3d 731, 733 [2d Dept 2020]; Matter of New York Comm. for Occupational Safety & Health v Bloomberg, 72 AD3d 153, 162 [1st Dept 2010]). While an agency may not "evade the broad disclosure provisions of FOIL by merely asserting that compliance could potentially require the review of [a large volume] of records" (Matter of Ruberti, Girvin & Ferlazzo v New York State Div. of State Police[*3], 218 AD2d 494, 499 [3d Dept 1996]), we note that the record concerning this issue is not sufficiently developed, in that it does not demonstrate how many troopers' files would need to be searched or the particular manner in which such a search would be conducted. Accordingly, we remit the matter to Supreme Court for a determination as to whether it would be unduly burdensome for respondent to comply with petitioner's modified request (see Matter of Jewish Press, Inc. v New York City Dept. of Educ., 183 AD3d at 733; Matter of New York Comm. for Occupational Safety & Health v Bloomberg, 72 AD3d at 162). Upon remittal, the court shall also reconsider whether petitioner is entitled to counsel fees and costs (see Public Officers Law § 89 [4] [c] [ii]).
Garry, P.J., Lynch, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is modified, on the law, without costs, by reversing so much thereof as denied petitioner's modified requests for records, counsel fees and costs; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

Footnotes

Footnote 1: To the extent that petitioner now challenges the denial of his original request for all trooper disciplinary records statewide, that claim is unpreserved as it was not raised in the petition (see Matter of Urena v Mulligan, 201 AD3d 1215, 1218 [3d Dept 2022]; Marshall v City of Albany, 184 AD3d 1043, 1044 [3d Dept 2020]).