Matter of Aron Law PLLC v City of Rochester (2023 NY Slip Op 03979)

Matter of Aron Law PLLC v City of Rochester

2023 NY Slip Op 03979

Decided on July 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CURRAN, BANNISTER, AND OGDEN, JJ.

81 CA 22-00387

[*1]IN THE MATTER OF ARON LAW PLLC, PETITIONER-APPELLANT,
v
CITY OF ROCHESTER, RESPONDENT-RESPONDENT. 

ARON LAW PLLC, BROOKLYN (JOSEPH H. ARON OF COUNSEL), FOR PETITIONER-APPELLANT.
LINDA S. KINGSLEY, CORPORATION COUNSEL, ROCHESTER (ANDREW J. CREARY OF COUNSEL), FOR RESPONDENT-RESPONDENT. 

 Appeal from a judgment (denominated order and judgment) of the Supreme Court, Monroe County (Daniel J. Doyle, J.), entered March 2, 2022, in a proceeding pursuant to CPLR article 78. The judgment denied the petition in its entirety and dismissed the proceeding with prejudice. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reinstating the petition insofar as it seeks to compel respondent to comply with that part of petitioner's request pursuant to the Freedom of Information Law for records from February 12, 2016, through September 11, 2018, and insofar as it seeks an award of fees and costs pursuant to Public Officers Law § 89 (4) (c) with respect to that part of petitioner's request and as modified the judgment is affirmed without costs and the matter is remitted to respondent in accordance with the following memorandum: Petitioner commenced this CPLR article 78 proceeding seeking, inter alia, to compel respondent to produce additional records of disability and religious accommodation requests made by respondent's employees between February 12, 2016, and February 11, 2021, as requested by petitioner under the Freedom of Information Law ([FOIL] Public Officers Law art 6). Petitioner appeals from a judgment denying the petition in its entirety and dismissing the proceeding with prejudice.
Petitioner contends that Supreme Court erred in considering certain objections in point of law asserted by respondent in its answer to the petition. That contention is not preserved for our review inasmuch as petitioner did not raise it in its reply to the answer (see CPLR 5501 [a] [3]; Matter of Broach & Stulberg, LLP v New York State Dept. of Labor, 195 AD3d 1133, 1136 n 3 [3d Dept 2021], lv denied 37 NY3d 914 [2021]; Matter of Bass Pro, Inc. v Megna, 69 AD3d 1040, 1042 [3d Dept 2010]; see also Matter of Khan v New York State Dept. of Health, 96 NY2d 879, 880 [2001]).
We nevertheless agree with petitioner that the court erred in denying the petition with respect to that part of the FOIL request seeking "all documents relating to: (1) requests made for a disability or religious accommodation by City of Rochester employees [and] (2) determinations for said requests" between February 12, 2016, and September 11, 2018. "A FOIL request . . . must 'reasonably describe[ ]' the record requested (Public Officers Law § 89 [3] [a]), to enable the agency to identify and produce the record" (Matter of Irwin v Onondaga County Resource Recovery Agency, 72 AD3d 314, 318 [4th Dept 2010]; see Matter of Konigsberg v Coughlin, 68 NY2d 245, 249 [1986]). It is the agency's burden to "establish[ ] that the descriptions [are] insufficient for purposes of locating and identifying the documents sought" (Matter of M. Farbman & Sons v New York City Health & Hosps. Corp., 62 NY2d 75, 83 [1984]; see Matter of Jewish Press, Inc. v New York City Dept. of Educ., 183 AD3d 731, 732 [2d Dept 2020]).
Here, respondent has not met its burden of demonstrating that petitioner's description of [*2]the records sought was insufficient to permit respondent to locate and identify those records (see Jewish Press, Inc., 183 AD3d at 732; see generally Matter of Kirsch v Board of Educ. of Williamsville Cent. Sch. Dist., 152 AD3d 1218, 1219 [4th Dept 2017], lv denied 31 NY3d 904 [2018]; Irwin, 72 AD3d at 318). Furthermore, we agree with petitioner that records consisting of the actual accommodation requests made by respondent's employees "fall well within the scope of [petitioner's FOIL] request" (Matter of Johnson Newspaper Corp. v Stainkamp, 61 NY2d 958, 961 [1984]).
We therefore modify the judgment by reinstating the petition to the extent that it seeks to compel respondent to comply with petitioner's request for records from February 12, 2016, through September 11, 2018, and we remit the matter to respondent to afford it an opportunity to reconsider that part of petitioner's request and to comply with its statutory obligations (see Matter of Forsyth v City of Rochester [appeal No. 1], 185 AD3d 1499, 1500 [4th Dept 2020]; see also Matter of Rhino Assets, LLC v New York City Dept. for the Aging, SCRIE Programs, 31 AD3d 292, 294 [1st Dept 2006]). To the extent that responding to that part of the request may be burdensome or may require review of voluminous records (see Public Officers Law § 89 [3]), we note that, subject to certain limitations, FOIL permits respondent to recover the actual cost to it of "an amount equal to the hourly salary attributed to the lowest paid . . . employee who has the necessary skill required to prepare a copy of" the requested records (§ 87 [1] [c] [i]) or the actual cost to respondent of retaining "an outside professional service" to prepare a copy of the records sought (§ 87 [1] [c] [iii]).
Given the phrasing of petitioner's FOIL request, however, we cannot conclude that respondent's production of spreadsheets—which respondent started keeping in September 2018 to manage accommodation requests—in response to that part of the FOIL request seeking records from September 12, 2018, through February 11, 2021, constituted a denial of access to records that would trigger a mandatory award of attorney's fees and other litigation costs (see Public Officers Law
§ 89 [4] [c] [ii]). Nor do we conclude that a permissive grant of such fees and costs pursuant to Public Officers Law § 89 (4) (c) (i) is warranted based on respondent's response to that part of the FOIL request. Further, in light of our determination, any assessment of whether petitioner is entitled to such fees and costs with respect its request for records from February 12, 2016, through September 11, 2018, is premature (see Forsyth, 185 AD3d at 1500-1501). We therefore further modify the judgment by reinstating the petition insofar as it seeks an award of costs and fees pursuant to Public Officers Law § 89 (4) (c) with respect to petitioner's request for records from February 12, 2016, through September 11, 2018.
We have reviewed petitioner's remaining contention and conclude that it does not warrant reversal or further modification of the judgment.
Entered: July 28, 2023
Ann Dillon Flynn
Clerk of the Court