Matter of Lost Lake Holdings LLC v Hogue (2024 NY Slip Op 05265)

Matter of Lost Lake Holdings LLC v Hogue

2024 NY Slip Op 05265

Decided on October 24, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 24, 2024

CV-23-2106
[*1]In the Matter of Lost Lake Holdings LLC, Appellant,
v
Daniel S. Hogue Jr., as Supervisor and FOIL Appeals Officer for the Town of Forestburgh, et al., Respondents.

Calendar Date:September 11, 2024

Before:Aarons, J.P., Lynch, Ceresia, McShan and Mackey, JJ.

The Law Offices of Cory H. Morris, Central Islip (Cory H. Morris of counsel), for appellant.
Harris Beach PLLC, Albany (Javid Afzali of counsel), for respondents.

McShan, J.
Appeal from an amended judgment of the Supreme Court (David M. Gandin, J.), entered April 26, 2023 in Sullivan County, which partially granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondents partially denying petitioner's Freedom of Information Law request.
The parties before us in this appeal have extensively litigated various issues related to petitioner's development of a 2,500-acre resort and residential community (hereinafter the Lost Lake development) located in the Town of Forestburgh, Sullivan County (see e.g. Matter of Lost Lake Holdings LLC v Town of Forestburgh, 225 AD3d 1020 [3d Dept 2024]; Matter of Lost Lake Resort, Inc. v Board of Assessors for the Town of Forestburgh, 222 AD3d 1091 [3d Dept 2023], lv denied 41 NY3d 909 [2024]). This facet of their dispute arises from an October 2021 Freedom of Information Law (see Public Officers Law art 6 [hereinafter FOIL]) request from petitioner directed to respondent Town Clerk — who also holds the position of Records Access Officer (hereinafter RAO) — of respondent Town of Forestburgh seeking various records pertaining to the Lost Lake development.[FN1] The RAO initially granted some parts of petitioner's request and, after a brief extension, partially granted the remaining portions of petitioner's request but withheld certain records based upon, for the most part, claimed exemptions for attorney-client privilege and inter/intra-agency communications. Petitioner appealed the determination to respondent Town FOIL Appeals Officer (hereinafter the FAO), who is also the Town Supervisor. The FAO partially reversed the RAO's denial of petitioner's category 8 request, but otherwise affirmed the determination.
Petitioner then initiated this CPLR article 78 proceeding seeking, in sum and substance, to compel respondents to produce any records in their possession pertaining to its various requests. Respondents answered with a cross-motion to dismiss and/or for summary judgment dismissing the petition. Supreme Court granted the petition in part, finding that respondents failed to provide a sufficiently particular justification for withholding records responsive to categories 1 and 5, and ordered respondents to provide a catalogue identifying the specific statutory basis for withholding such records along with the factual support for doing so. The court otherwise dismissed the petition, including petitioner's request for an award of counsel fees, precipitating this appeal by petitioner.
We begin with the essential premise that "FOIL imposes a broad duty of disclosure on government agencies and all agency records are presumptively available for public inspection and copying unless one of the statutory exemptions applies, permitting the agency to withhold the records" (Matter of Getting the Word Out, Inc. v New York State Olympic Regional Dev. Auth., 214 AD3d 1158, 1159 [3d Dept 2023] [internal quotation marks and citations omitted]). Accordingly[*2], a government agency "seeking to prevent disclosure bears the burden of demonstrating that the requested materials fall squarely within a FOIL exemption by articulating a particularized justification for denying access" (Matter of Whitfield v FOIL Appeals Officer, Dept. of Corr. & Community Supervision, 221 AD3d 1341, 1343 [3d Dept 2023] [internal quotation marks and citations omitted]). Said differently, the "blanket invocation of . . . statutory exemptions, without enumerating or describing any of the documents withheld and without offering a specific basis for any of the claims of exemption," is insufficient to ward off disclosure under FOIL (Matter of City of Newark v Law Dept. of City of N.Y., 305 AD2d 28, 34 [1st Dept 2003]; see Matter of Cohen v Alois, 201 AD3d 1104, 1105 [3d Dept 2022]).
We first turn to petitioner's contention, specific to its category 7, 12 and 13 requests, that respondents failed to meet their burden showing that they diligently searched for the requested records. "When an agency is unable to locate documents properly requested under FOIL, Public Officers Law § 89 (3) requires the agency to certify that it does not have possession of a requested record or that such record cannot be found after diligent search. The statute does not specify the manner in which an agency must certify that documents cannot be located. Neither a detailed description of the search nor a personal statement from the person who actually conducted the search is required" (Matter of Rattley v New York City Police Dept., 96 NY2d 873, 875 [2001] [internal quotation marks and brackets omitted]; see Matter of Abdur-Rashid v New York City Police Dept., 31 NY3d 217, 232 [2018]). The RAO specifically stated in her certification that, after a diligent search, all responsive records for each of these requests were made available to petitioner for inspection and review. Specific to category 7, the RAO certified that petitioner was provided with "all of the Town's meetings minute books and ledgers" and any audio files that had not been destroyed after said minutes were generated. Upon our review of the record, there is no indication that this statement is inaccurate and petitioner's arguments suggesting the existence of audio recordings fail to address this procedure.[FN2] As to the category 12 request, although petitioner takes issue with the terse language used by respondents in asserting that no other responsive documents exist, its own arguments contained in the appeal from the RAO are equally unavailing. Specifically, the mere assertion that proceedings occurred before the Public Service Commission does not suggest that further documentation is maintained by respondents. Petitioner's statements supporting the request offer little beyond the bare assertion, made "upon information and belief," that such records exist at all (see Matter of Empire Ctr. for Pub. Policy v New York State Energy & Research Dev. Auth., 188 AD3d 1556, 1558 [3d Dept 2020]). Accordingly[*3], relevant to this precise basis for denying the category 12 request in part, we find that the RAO's certification that, after engaging in a diligent review, no other records existed, was sufficient pursuant to Public Officers Law § 89 (3) (a) (see Matter of Cortex Tel. LLC v New York State Dept. of Health, 222 AD3d 1083, 1085 [3d Dept 2023], lv denied 42 NY3d 901 [2024]; Matter of Jewish Press, Inc. v New York State Police, 207 AD3d 971, 973 [3d Dept 2022]; Matter of Wright v Woodard, 158 AD3d 958, 959 [3d Dept 2018]; Matter of DeFreitas v New York State Police Crime Lab, 141 AD3d 1043, 1045 [3d Dept 2016]).
However, we reach a different conclusion as to petitioner's category 13 request. In contending that respondents failed to diligently search for the requested records, petitioner notes that there was proof of a disbursement to the Town Engineer for infrastructure inspection. Further supporting its assertion, as noted by petitioner, the minutes from a November 2015 Town Board meeting reflect that the Town was in possession of a writing evidencing that petitioner would pay for inspections. Considering these record facts together, we find that petitioner has articulated a "factual basis to support [the] contention that the requested [records] existed and were within [respondents'] control," and that dismissal of this request was improper (Matter of Gould v New York City Police Dept., 89 NY2d 267, 279 [1996]; see Matter of Oddone v Suffolk County Police Dept., 96 AD3d 758, 761 [2d Dept 2012]; compare Matter of Empire Ctr. for Pub. Policy v New York State Energy & Research Dev. Auth., 188 AD3d at 1558).
As to petitioner's category 6 request, we find that Supreme Court improperly determined that the request was not reasonably described. "In order for an agency to deny a FOIL request for overbreadth, the agency must demonstrate that the description is insufficient for the purposes of locating and identifying the documents sought" (Matter of Goldstein v Incorporated Vil. of Mamaroneck, 221 AD3d 111, 119 [2d Dept 2023] [internal quotation marks, brackets and citations omitted]). Petitioner's category 6 request, in sum and substance, sought "all letters, emails, memoranda, other correspondence, notes and other documents" as of January 1, 2019, regarding the Lost Lake development, including items such as site plan approvals and permits. Further, the request encompassed the aforementioned correspondence that existed between various town officials as well as "any member of the [public]." The RAO granted the request, in part, "to the extent it describe[d] the records in a manner than can reasonably lead to the retrieval as maintained by the town." However, petitioner maintains that no records were provided by respondents in response to its category 6 request.
Although petitioner's request in this case is broad in scope, we find that the record lacks support for the conclusion that the description is too vague to decipher what records were being sought (compare [*4]Matter of Jewish Press, Inc. v New York State Educ. Dept., 212 AD3d 916, 918 [3d Dept 2023]). Further, the assertion that the requested records were not reasonably described finds no support in respondents' submission for dismissal, as the affidavit from the Town Supervisor submitted in support fails to make "a particularized showing that attempting to comply with this broad request would be impracticable" (Matter of New York Civ. Liberties Union v New York State Off. of Ct. Admin., 224 AD3d 458, 459 [1st Dept 2024]). Indeed, there is no indication in the record that respondents offered any evidence concerning the volume of documents that would be covered under the request and what manner of inspection would be necessary to comply (see Matter of Goldstein v Incorporated Vil. of Mamaroneck, 221 AD3d at 118; Matter of Puig v New York State Police, 212 AD3d 1025, 1027 [3d Dept 2023]; see also Matter of Munson v New York State Div. of Criminal Justice Servs., 228 AD3d 1119, 1121 [3d Dept 2024]; compare Matter of New York Civ. Liberties Union v New York State Off. of Ct. Admin., 224 AD3d at 459). To the contrary, in our view, the requested items "were [sufficiently] circumscribed as to subject matter, groups of individuals to whom they pertained, and time period" (Matter of Goldstein v Incorporated Vil. of Mamaroneck, 221 AD3d at 120).[FN3] Accordingly, we do not find that the record supports a finding that the category 6 request was overbroad on its face and remit the matter to respondents to afford the opportunity to comply with the request or otherwise assert any applicable exemption or limitation on their ability to comply (see id. at 122-123; Matter of Aron Law PLLC v City of Rochester, 218 AD3d 1121, 1123 [4th Dept 2023]). In doing so, we need not address respondents' bare assertion concerning the "herculean" burden of compliance, as respondents will have an opportunity to present that concern on remittal, paying due consideration to the various options that are potentially available to assist in processing voluminous record requests (see Matter of Aron Law PLLC v City of Rochester, 218 AD3d at 1123; Matter of Jewish Press, Inc. v New York City Dept. of Educ., 183 AD3d 731, 733 [2d Dept 2020]; see also Matter of New York Civ. Liberties Union v New York State Police, 228 AD3d 1162, 1167 [3d Dept 2024]).
Turning to petitioner's contentions with respect to the withholding of records based upon respondents' assertion of attorney-client privilege and the inter/intra agency communications exemptions as provided in Public Officers Law § 87 (2) (a) and (g), respectively, we find that this aspect of Supreme Court's judgment must be expanded. To this end, Supreme Court granted relief as to respondents' failure to particularize the claimed exemptions regarding documents responsive to categories 1 and 5. However, Supreme Court's determination was predicated on its determination that the category 6 request did not provide a reasonable description and that respondents [*5]had already fulfilled the category 12 request. Our review of the record reveals that respondents asserted the same improper blanket exemptions relative to categories 6 and 12 and, to that end, petitioner is entitled to the same relief relative to those claimed exemptions (see Matter of McFadden v Fonda, 148 AD3d 1430, 1432 [3d Dept 2017]; Matter of New York State Defenders Assn. v New York State Police, 87 AD3d 193, 197 [3d Dept 2011]; compare Matter of Disability Rights N.Y. v New York State Commn. of Corr., 194 AD3d 1230, 1234 [3d Dept 2021]). Accordingly, we modify Supreme Court's order by including these requests in respondents' mandate to provide a catalogue of withheld documents with an adequate description of the asserted exemption and factual basis for withholding.[FN4] To the extent that petitioner contends that Supreme Court erred in failing to conduct an in camera review of those documents, once respondents comply with their obligation to adequately catalogue and describe the withheld documents, including the justification for doing so, petitioner may request such a review so that Supreme Court can assess the propriety of respondents' claimed exemptions (see Matter of Miller v New York State Dept. of Transp., 58 AD3d 981, 984 [3d Dept 2009], lv denied 12 NY3d 712 [2009]).
Finally, we decline to weigh in at this time on petitioner's contention that it substantially prevailed in the proceeding and is entitled to counsel fees. "The Public Officers Law authorizes an award of attorneys' fees where the petitioner has substantially prevailed in the FOIL proceeding and the agency either lacked a reasonable basis for denying access to the requested records or failed to respond to a request or appeal within the statutory time" (Matter of Madeiros v New York State Educ. Dept., 30 NY3d 67, 78 [2017] [internal quotation marks and citation omitted]). The term "substantially prevail" does not require that a party receive each and every record sought in its petition; rather, a court must assess whether the party "ultimately succeeded in obtaining substantial . . . post-commencement disclosure responsive to [the] FOIL request — including both disclosure that was volunteered by the agency and disclosure that was compelled by" the court (id. at 79). To that end, although we disagree with petitioner's assertion that the provision of a catalogue of withheld documents establishes a substantial victory, we find it would be premature to decide the counsel fees issue in light of our remittal to respondents to determine whether other documents are indeed responsive and whether the claimed exemptions were reasonably asserted (see Matter of Lane v Port Wash. Police Dist., 221 AD3d 698, 708 [2d Dept 2023]; Matter of Aron Law PLLC v City of Rochester, 218 AD3d at 1123; Matter of Forsyth v City of Rochester, 185 AD3d 1499, 1500-1501 [4th Dept 2020]). Petitioner's remaining contentions, to the extent not addressed, have been examined and found without merit.
Aarons, J.P[*6]., Lynch, Ceresia and Mackey, JJ., concur.
ORDERED that the amended judgment is modified, on the law, without costs, by reversing so much thereof as denied petitioner's challenge to category 6 of its Freedom of Information Law request based upon a determination that the request did not reasonably limit the scope of responsive records, and so much thereof as denied petitioner's challenge to category 13 of its Freedom of Information Law request based upon a determination that no responsive documents exist; matter remitted to respondents to provide an opportunity to comply regarding category 6, for a hearing regarding category 13, and to engage in a review of responsive documents included in categories 1, 5, 6 and 12 and provide a catalogue with justifications for any asserted exemptions; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

Footnotes

Footnote 1: Two subsequent FOIL requests submitted by petitioner are the subject of a companion appeal being handed down simultaneously herewith (Matter of Lost Lake Holdings LLC v Hogue, ___ AD3d ___ [3d Dept 2024] [decided herewith]).

Footnote 2: Petitioner's contention that respondents violated their duty to retain audio recordings of the Town Board meetings is improperly raised for the first time on appeal and, accordingly, we need not address it (see Matter of Police Benevolent Assn. of N.Y. State, Inc. v State of New York, 145 AD3d 1391, 1394 [3d Dept 2016]).

Footnote 3: Acknowledging that the inclusion of "members of the public" broadens the number of responsive documents, respondents would ostensibly only be in possession of communications sent to the identified town officials or third-party associates otherwise identified in category 6 (b). The FAO stated in his response to petitioner's appeal that, although the Town does not maintain its own email server, "[a]ll Townofficials are encouraged to established emails accounts with a commercial email provider to be used solely for Town business" and that most officials had done so. As noted in Supreme Court's judgment, respondents have provided petitioner with a list of email addresses for the Town officials named in the category 8 request, which substantially mirrors those officials named in category 6.

Footnote 4: On appeal, respondents assert that they complied with Supreme Court's order and provided a list of documents to petitioner identifying the specific documents subject to each exemption. However, we cannot ascertain from the record whether that encompassed any documents that fell within the category 6 or category 12 requests.