Matter of Lane v County of Nassau (2025 NY Slip Op 00220)

Matter of Lane v County of Nassau

2025 NY Slip Op 00220

Decided on January 15, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 15, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
CARL J. LANDICINO, JJ.

2022-02322
 (Index No. 603818/21)

[*1]In the Matter of Charles Lane, appellant 
v
County of Nassau, et al., respondents.

Cody H. Morris, Melville, NY (Victor Yannacone, Jr., of counsel), for appellant.
Thomas A. Adams, County Attorney, Mineola, NY (Robert F. Van der Waag and Ian Bergström of counsel), for respondents.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78, inter alia, to compel disclosure of certain records pursuant to the Freedom of Information Law (Public Officers Law art 6) and for an award of attorney's fees and litigation costs, the petitioner appeals from a judgment of the Supreme Court, Nassau County (R. Bruce Cozzens, Jr., J.), entered March 23, 2022. The judgment, insofar as appealed from, denied that branch of the petition which was to compel disclosure of certain records and, in effect, denied that branch of the petition which was for an award of attorney's fees and litigation costs, and dismissed those portions of the proceeding.
ORDERED that the judgment is reversed insofar as appealed from, on the law, with costs, those branches of the petition which were to compel disclosure of certain records and for an award of attorney's fees and litigation costs are reinstated, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings in accordance herewith.
In December 2020, the petitioner made a request pursuant to the Freedom of Information Law (Public Officers Law art 6; hereinafter FOIL) to the Nassau County Police Department (hereinafter the Department) for certain records pertaining to the creation or maintenance of the Department's current databases. Specifically, the petitioner requested: (1) "Any Requests for Proposals (RFPs), Requests for Qualifications (RFQs), and contracts pertaining to the creation or maintenance of the Department's current database(s)"; (2) "The data dictionary, glossary of terms, record layout, entity relationship diagram, user guide, and any other records that describe the Department's database(s)"; and (3) "The instruction manual or any other type of guide, distributed to law enforcement personnel dictating how they should use the database(s)."
In January 2021, the Department's Legal Bureau denied the request on the ground that the petitioner did not reasonably describe the database to which he was referring. After an unsuccessful administrative appeal, the petitioner commenced this proceeding pursuant to CPLR article 78, inter alia, to compel disclosure of the requested records and for an award of attorney's fees and litigation costs. In a judgment entered March 23, 2022, the Supreme Court, among other things, denied that branch of the petition which was to compel disclosure of the requested records and, in effect, denied that branch of the petition which was for an award of attorney's fees and litigation costs, and dismissed those portions of the proceeding. The court determined that the petitioner failed [*2]to "reasonably describe[ ]" the records sought. The petitioner appeals.
The requirement that a FOIL request reasonably describe the records sought is to enable the agency to locate the records in question (see Matter of Konigsberg v Coughlin, 68 NY2d 245, 249; Matter of M. Farbman & Sons v New York City Health & Hosps. Corp., 62 NY2d 75, 83). In order for an agency to deny a FOIL request for overbreadth, the agency must demonstrate that the description is "insufficient for purposes of locating and identifying the documents sought" (Matter of Konigsberg v Coughlin, 68 NY2d at 249 [internal quotation marks omitted]).
The Supreme Court erred in determining, as a matter of law, that the petitioner had failed to reasonably describe the records sought. Here, the petitioner's requests were not vague or unlimited. They were circumscribed as to subject matter—the records pertaining to the creation or maintenance of the Department's current databases—and the time period (see Matter of Goldstein v Incorporated Vil. of Mamaroneck, 221 AD3d 111, 120). To the extent the respondents contend that the word "database(s)" was not reasonably described, the respondents, in effect, admitted that the Department utilized various databases. These admissions seem to contradict the respondents' contentions that the descriptions were insufficient for purposes of locating and identifying the records sought (see id. at 123).
Additionally, regulations enacted under FOIL by the Committee on Open Government provide that, upon receipt of a FOIL request, agency personnel are required to "assist persons seeking records to identify the records sought, if necessary, and when appropriate, indicate the manner in which the records are filed, retrieved or generated to assist persons in reasonably describing records" (21 NYCRR 1401.2[b][2]). Here, there is no evidence that, before denying the petitioner's request, the Department made any effort to work with the petitioner to more precisely define the information desired, if possible (see 21 NYCRR 1401.2[b][2]); Matter of Goldstein v Incorporated Vil. of Mamaroneck, 221 AD3d at 122).
Accordingly, questions of fact exist and must be resolved, including whether the requested records can be located, identified, and produced (see Matter of Konigsberg v Coughlin, 68 NY2d at 249-250; Matter of Goldstein v Incorporated Vil. of Mamaroneck, 221 AD3d at 120).
Further, since that branch of the petition which was to compel disclosure of certain records remains undetermined, "the petitioner's request for an award of attorney's fees and litigation costs is premature" (Matter of Jewish Press, Inc. v New York City Dept. of Educ., 183 AD3d 731, 733; see Matter of Goldstein v Incorporated Vil. of Mamaroneck, 221 AD3d at 127).
Accordingly, we reverse the judgment insofar as appealed from, reinstate those branches of the petition which were to compel disclosure of the requested records and for an award of attorney's fees and litigation costs, and remit the matter to the Supreme Court, Nassau County, for further proceedings consistent herewith.
The petitioner's remaining contentions either are without merit or need not be reached in light of our determination.
BARROS, J.P., FORD, VOUTSINAS and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court