Matter of Boxe v State Univ. of N.Y.
2026 NY Slip Op 03860
June 18, 2026
Appellate Division, Third Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Agata Boxe, Appellant,
v
State University of New York et al., Respondents.

Decided and Entered:June 18, 2026
CV-25-0848
Calendar Date: April 29, 2026
Before: Clark, J.P., Aarons, Pritzker, Mackey And Corcoran, JJ.

The Law Offices of Cory H. Morris, Central Islip (Cory H. Morris of counsel), for appellant.
Letitia James, Attorney General, Albany (Kevin C. Hu of counsel), for respondents.

[*1]
Aarons, J.
Appeal from a judgment of the Supreme Court (Kimberly O'Connor, J.), entered December 20, 2024 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition.
Between February and May 2024, petitioner submitted five requests pursuant to the Freedom of Information Law (see Public Officers Law art 6 [hereinafter FOIL]) to respondent Farmingdale State College seeking several categories of documents including email correspondence between certain employees over specified date ranges and/or containing references to petitioner. The College's records access officer (hereinafter RAO) acknowledged each request and notified petitioner that documents were being sought from appropriate offices and she would be notified within 20 days of the results of those searches. Thereafter, the RAO produced one category of responsive records but, for all remaining categories except category 2 of FOIL request No. 3 and category 2 of FOIL request No. 4, the RAO advised petitioner that review, redaction and production of responsive records would require several months and would be released on a rolling basis. Petitioner took the position that the extended time frames for those requests were unreasonable and pursued administrative appeals.
The RAO also issued actual denials for two categories of requested records. Specifically, the RAO denied category 2 of FOIL request No. 3, in which petitioner sought all email correspondence exchanged between Charles Adair and Tom Ward between September 1, 2023 and February 1, 2024, and category 2 of FOIL request No. 4, in which petitioner sought all email correspondence exchanged between Charles Adair and Jeremy Norris over the same period. The RAO withheld records in those categories because preliminary searches for "all" the requested emails were "voluminous" and "[did] not describe enough specificity to respond."
On administrative appeal, the FOIL Appeals Unit (hereinafter FAU) of respondent State University of New York rejected petitioner's claim that the extensions respondents granted themselves to produce responsive records were unreasonable and thus were constructive denials of the requests. The FAU also upheld the RAO's two actual denials, because the relevant requests were "very broad and without subject matter limitation, [and] therefore responsive records could not be located with reasonable effort." In July 2024, petitioner commenced this CPLR article 78 proceeding to, among other things, compel production of the requested categories of documents and recover counsel fees. Respondents moved, pre-answer, to dismiss the petition, and petitioner opposed. Supreme Court granted the motion, dismissed the petition and denied petitioner's request for counsel fees. Petitioner appeals.
As an initial matter, petitioner's challenges to the reasonableness of respondents' various extensions of time are either moot by respondents' disclosure of the requested documents or not properly [*2]before us for failure to exhaust administrative remedies (see Matter of Gannett Satellite Info. Network, LLC v New York State Thruway Auth., 181 AD3d 1072, 1073-1074 [3d Dept 2020]; Matter of Cobado v Benziger, 163 AD3d 1103, 1105 [3d Dept 2018]).FN1 As to the two actual denials, petitioner argues, and respondents concede, that the petition was improperly dismissed on the ground that the relevant categories of documents were not reasonably described. We agree, as those two categories sought emails exchanged between two identified College employees over specified date ranges, thus satisfying petitioner's initial burden under Public Officers Law § 89 (3) (a) to reasonably describe the records sought so that respondents can locate them (see Matter of Wagner v New York City Dept. of Educ., 45 NY3d 93, 96-97 [2025]; Matter of Lost Lake Holdings LLC v Hogue, 231 AD3d 1413, 1415 [3d Dept 2024]; Matter of Jewish Press, Inc. v New York City Dept. of Educ., 183 AD3d 731, 733 [2d Dept 2020]).
The administrative denials also asserted the "related, but separate, consideration as to whether it would be unduly burdensome for respondents to comply with the petitioner's request" (Matter of Lost Lake Holdings LLC v Hogue, 231 AD3d at 1415 [internal quotation marks, brackets and citation omitted]). "When an agency has the ability to retrieve or extract a record or data maintained in a computer storage system with reasonable effort, it shall be required to do so" (Public Officers Law § 89 [3] [a]). "What constitutes reasonable effort is necessarily a case-specific determination" (Matter of Wagner v New York City Dept. of Educ., 45 NY3d at 98), and the motion papers are insufficient to resolve that issue (see Matter of Kickertz v New York Univ., 25 NY3d 942, 944 [2015]). Respondents must be accorded an opportunity to answer the petition with evidence satisfying their burden "to demonstrate that [they] cannot retrieve the requested documents with reasonable effort" (Matter of Wagner v New York City Dept. of Educ., 45 NY3d at 99; see CPLR 7804 [f]; Matter of Lost Lake Holdings LLC v Hogue, 231 AD3d at 1415; Matter of Jewish Press, Inc. v New York City Dept. of Educ., 183 AD3d at 733).
Accordingly, the part of the petition challenging nondisclosure of category 2 of FOIL request No. 3, and category 2 of FOIL request No. 4, must be reinstated. Because that part of the petition remains undetermined, Supreme Court's denial of counsel fees is premature (see Matter of Lost Lake Holdings LLC v Hogue, 231 AD3d at 1419; Matter of Jewish Press, Inc. v New York City Dept. of Educ., 183 AD3d at 733). Petitioner's remaining contentions, to the extent not specifically addressed or rendered moot by respondents' disclosures, have been reviewed and are without merit.
Clark, J.P., Pritzker, Mackey and Corcoran, JJ., concur.
ORDERED that the judgment is modified, without costs, by reversing so much thereof as dismissed the part of the petition seeking to compel production of records under [*3]category 2 of FOIL request No. 3 and category 2 of FOIL request No. 4, and denied petitioner's application for counsel fees; motion denied to that extent; and, as so modified, affirmed.

Footnotes

Footnote 1
Respondents represent that, except for the two categories that were actually denied, they have disclosed all responsive documents in connection with all of petitioner's requests.